**WARNER-QUINLAN ASPHALT CO. et al. v. SMITH et al.**

No. 8646—Opinion Filed March 26, 1918.

Rehearing Denied July 2, 1918.

(173 Pac. 516.)

(Syllabus.)

**Municipal Corporations—Paving Assessment —Action for Injunction—Limitation.**

Under section 644, Rev. Laws 1910, an action to enjoin assessments levied to pay certain bonds issued under the paving act, on the ground that the material furnished was not the character petitioned for by the property owners, where the city acquired jurisdiction by proper proceedings to make improvements, must be commenced within 60 days from the passage of the ordinance making the final assessment.

Error from District Court, Garfield County; John B. Cullison, Judge.

Action for injunction by J. W. Smith and others against the Warner-Quinlan Asphalt Company and others. Judgment for plaintiffs, and defendants bring error. Reversed, and cause remanded, with directions to dismiss the action.

McKeever & Moore, for plaintiffs in error.

John C. Moore, for defendants in error.

OWEN, J. This action was begun by J. W. Smith and others in the district court of Garfield county to enjoin the collection of assessments for certain paving done in the city of Enid. Judgment was for plaintiffs below, canceling the assessments and enjoining the collection of same. To reverse that judgment defendants below prosecute this proceeding.

The question necessary to be determined is whether this action was barred by the provisions of section 644, Rev. Laws 1910. This section provides that no suit shall be sustained to set aside an assessment or to enjoin the levying or collecting of the same, unless such action shall be commenced not more than 60 days after the passage of the ordinance making the final assessment, for any reason other than for the failure of the city council to adopt and publish the preliminary resolution and to give notice of the hearing on the return of the appraisers. It appears from the finding of facts made by the lower court that the preliminary resolution was adopted on December 4, 1908, and that it was agreed on the trial that this resolution was published as required by law. The ordinance making the final assessment was passed in 1910, and this action begun March 23, 1915. It appears that after the preliminary resolution was adopted the property owners were invited to indicate by petition the character of the material they preferred, and a majority of the owners expressed a preference for "Imperial" paving. A resolution was passed providing for this character of paving and calling for bids, but at a later meeting of the council that resolution was repealed, and a resolution passed adopting a different material. Bids under this resolution were solicited, a contract made, and the work done for the payment of which the assessments in question were levied.

This action was brought to set aside these assessments because of the action of the city officials in using different material than that requested by the property owners. The trial court took the view that the city officials were without authority to repeal the resolution providing for the character of material requested by the property owners, and that the failure to use this material rendered the subsequent proceeding void. It appearing the preliminary resolution was adopted and published, and proper notice given on the hearing of the return of the appraisers. this case is ruled by the case of City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282, and the action was barred under provisions of section 644 of the statutes, when not commenced within 60 days from the passage of the ordinance making the final assessment.

· The judgment is reversed, and the cause remanded, with directions to dismiss the action.

All the Justices concur, except TURNER and BRETT, JJ., not participating.