## KREAGER et al. v. McCORMICK.

No. 8838—Opinion Filed May 14, 1918.

Rehearing Denied Oct. 7, 1919.

(182 Pac. 78.)

**1. Municipal Corporations—Tax Bill—Construction—Attorney's Fee.**

An action to enforce a tax lien, evidenced by a tax bill, regularly issued by a municipal corporation in payment of street improvements, where the tax bill recites that the "obligation and lien" therein provided for, shall extend to and include "reasonable attorney's fees and other costs of collection," and that upon default in the payment of any installment, or any part thereof, all deferred payments may be matured, at the option of the holder, and "suit may be brought at once to recover judgment for the entire principal, accrued interest, attorneys fees and costs," and the holder of the tax bill has determined, after default in the payment of an installment, to mature all the deferred payments, but has not commenced action, and the property owner offers to pay the installment in default, interest, and penalty, held, that the right to demand the payment of attorney's fee had not accrued to the holder of the tax bill.

**2. Same.**

The property owner may free himself from liability to pay attorney's fees upon such tax bill by paying the amount of the installment in default, accrued interest, and the penalty prescribed for delinquency, at any time, before suit is commenced to recover judgment thereon.

(Syllabus by Galbraith, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by E. P. McCormick against Mary D. Kreager and Lorenzo Grier. Judgment for the plaintiff, and defendants bring error. Reversed and remanded.

J. J. Henderson, for plaintiffs in error.

Randolph, Haver & Shirk, for defendant in error.

Opinion by GALBRAITH, C. The defendant in error commenced this action in the trial court as the holder of four certain tax bills that had been issued by the city of Tulsa evidencing a claim and lien for street improvements made in improvement district No. 79 of that city, to enforce the claim and to foreclose the lien against certain lots belonging to the plaintiffs in error; each tax bill being a claim and lien against a separate lot located in such improvement district.

There was a demurrer to the petition which was overruled and exceptions saved, when the plaintiff in error answered by setting out nine separate grounds of defense. The reply was a general denial.

Upon the issues formed by the pleading the cause was submitted to the court for trial. The court found that there had been default in the payment of the second installment due on the tax bills, that is, the one maturing February 1, 1915, and that the plaintiff had elected, as authorized to do in the tax bill, to mature all the remaining installments on each of the said tax bills, and render judgment for the amount thereof, aggregating $407.34, as principal, $68.56, as interest, and $18.75, as attorney's fees on each bill, amounting in the aggregate to $75. The property owners, as defendants below, appealed and assigned a number of errors as ground for reversal of that judgment. Practically all of these, except one, have been considered by this court, and the contention of the plaintiffs in error in regard thereto have been denied, in an opinion filed in case No. 8311 (Nitsche v. State Security Bank Zainesville, Ohio, 69 Okla. 37, 170 Pac. 234), and for that reason only the one assignment will be considered in the disposition of this appeal. The assignment not covered by the above case is No. 3, as follows:

"The judgment is against the law, under the pleadings and the evidence in the case; the judgment should have been for the defendants, instead of for the plaintiff."

Under this assignment it is argued that the answer denied default at the time suit was filed, and the right to mature the deferred payments on account of such default, for the reason that the property owners, prior to the commencement of suit, tendered to the attorney for the holder of the tax bill, and also the commissioner of finance and revenue of the city of Tulsa, the amount of the installment due February 1, 1915, together with the interest on the deferred payments and 18 per cent. penalty on each installment from the date of its maturity to the date of

the tender, and that this tender was refused because the attorney for the holder of the bills demanded, in addition to the amount tendered, the payment of $100 as attorney's fees.

Each of the tax bills in suit provided, among other things, as follows:

"This special tax bill is payable at the office of the commissioner of finance and revenue of the city of Tulsa, in ten installments, the first installment due on the 1st day of February, 1914, for one-tenth the principal amount with interest on the entire principal amount from the 25th day of July, 1913, and for one-tenth of the principal amount and interest on the deferred installments on the 1st day of February of each and every year thereafter up to and including the 1st day of February, 1923, as evidenced by coupons hereto attached. And this obligation and the lien aforesaid shall extend to and include reasonable attorney's fees and other costs of collection of this special tax bill or any part thereof if default shall be made in the payment thereof. Default in the payment of any installment or any part thereof, or the interest thereon, as provided herein, may, at the option of the holder hereof, mature all installments for all purposes without notice, and upon such default suit may be commenced at once to recover judgment for the entire principal, accrued interest, attorney's fees, and costs, and for the sale of said property to satisfy the same, or said amounts, may be enforced and collected as are other delinquent taxes. Provided, however, that the owner of said property, his heirs, successors or assigns, shall have the privilege of discharging the whole amount assessed against said property, or any installment thereof, upon payment of the unpaid principal with accrued interest, to the proper officer of the city, at any time before maturity."

Lorenzo Grier, one of the plaintiffs in error, testified, in regard to the tender, as follows:

"Q. Just go on and state what you did relative to paying or offering to pay that installment. A. I have a letter here, may I tell of the motive?

"The Court: Tell what you did. A. Here is a letter dated May 10, 1915, reminding me of this payment not being paid and asked me to call at their office, Randolph, Haver, and Shirk's office, signed by Mrs. Haver. I was there at the office and talked it over with Mr. Haver. I didn't have the money that day, and about three days afterwards I called at the office and Mr. Haver was absent, and I offered Mr. Randolph the amount of these installments with 18 per cent. penalty.

"Q. I will get you to state if Mr. Randolph figured it up and gave you the amount at that time? A. He did.

"Q. What was it? A. $78.18.

"Q. I will get you to state if that included 18 per cent. penalty? A. It did, the 18 per cent. penalty.

"Q. State now why or how you offered to pay them; did you tender him the money? A. I tendered him the money. It was in four $20 gold certificates. * * * Randolph at that time asked me a $100 attorney fee, and I refused to pay it.

"Q. Is that the reason you didn't? A. That was the reason why this was not paid that day.

"Q. Did Mr. Randolph refuse to accept the money tendered? A. He did; he said that it didn't look good to him.

"Q. And he wouldn't take it? A. He didn't take it.

\* \* \* \* \*

"Q. Where did you go just prior to that to ascertain the amounts? A. Went to the city hall and tendered the amount at the treasury. They figured a little bit different then, $75.48; that was tendered May 31st.

"Q. Did they figure it up for you there? A. They did.

"Q. And did you make them a tender? A. I made them a tender. Mr. Wynn was on charge, and he refused to accept it.

\* \* \* \* \*

'Q. Was that before this suit was instituted? A. Yes, sir."

It will be observed from the portion of the tax bills, set out above, that it does not attempt to fix the liability of the property owner for the payment of attorney's fees by the default in the payment of an installment, or by placing the tax bills in the hands of an attorney for collection. The bill does provide that, in case of default in payment: (1) "The obligation and lien" shall extend to and include "reasonable attorney's fee, and other costs of collection"; and (2) all deferred payments may be matured at the option of the holder, and "suit may be commenced at once to recover judgment for the entire principal, accrued interest, attorney's fee, and costs."

It will be recalled that the liability for the payment of attorney's fees on these tax bills is not a contractual liability, but one imposed by law, and that the obligation to pay the attorney's fee is based upon the theory of the default of the property owner being responsible for incurring such expense. It was said by the court in the Nitsche Case, supra:

"The theory of these decisions, it seems, is that, as may be done, where there is a default in the payment of ordinary taxes assessed against property, the Legislature has

the right to impose upon those defaulting in the payment of such assessment for the improvements on streets a penalty which may include a reasonable attorney's fee."

And also it is said:

"The conclusion above announced, it will be observed, sustains the allowance of an attorney's fee upon the ground of the negligence of the property owner, that is, for his failure to pay the assessment, and thereby being the direct cause and occasion for creating this additional expense."

Under the provisions of the tax bill, upon default in the payment of an installment, or any part thereof, the holder had the right to mature all the deferred installments and to bring suit to recover judgment for the entire amount thereof, interest, attorney's fees, and costs. At the time of the offer to pay this second installment, and the interest and the penalty, the holder of the tax bill had the right to bring suit to recover the attorney's fee and costs, as well as the deferred payments and interest; but he had not exercised that right, and prior to exercising that right, by filing suit, he had no right to demand the payment of attorney's fees. Prior to the exercise of this right, in the manner prescribed in the tax bill, the holder thereof had the same right to demand the payment of "court costs" that he had to demand the payment of "attorney's fees." It is evident he had the right to neither before commencing action on the tax bill. At any time prior to such action the property owner had the right to save himself from liability to pay attorney's fees and court costs, by paying the installment in default, interest, and penalty. The uncontroverted evidence shows that the property owner attempted to relieve himself from such liability and was prevented from paying all that could have been lawfully demanded of him by the wrongful demand for the payment of an attorney's fee. The judgment for attorney's fees was unauthorized. The judgment is also erroneous for the deferred installments. The judgment should have been for the installment due February 1, 1915, interest and penalty up to the day of the tender, shown by the evidence to be $78.18, and interest thereon at the rate of 7 per cent. per annum to the date of the judgment, and the cost incurred subsequent to May 31, 1915, should have been assessed against the defendant in error. Enid Conservation Inv. Co. v. Porter et al., 45 Okla. 406, 145 Pac. 805.

The judgment appealed from should be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.