## GRIER v. McCORMICK.

No. 12748—Opinion Filed March 4, 1924.

Rehearing Denied June 17, 1924.

**1. Municipal Corporations — Charter Powers—Enforcement of Paving Assessments.**

The question of jurisdiction of the trial court in this action and the powers of a city, organized and existing under a freeholders' charter, to regulate matters wholly within said city as to local improvements and assessments against property for payment of same, have been settled by decisions of this court in the following cases, which are hereby adopted: Berry v. McCormick, 91 Okla. 211, 217 Pac. 392; Kreager et al. v. McCormick, 74 Oklahoma, 182 Pac. 78; Partee v. Cleveland-Trinidad Paving Co., 70 Okla. 31, 172 Pac. 945; Nitsche v. State Security Bank of Zanesville, Ohio, et al., 69 Okla. 37, 170 Pac. 234; Berry v. Eureka Construction Co., 76 Okla. 146, 183 Pac. 517; Sapulpa v. Land, 101 Okla. 22, 219 Pac. 117.

**2. Same—Enforcement of Tax Lien—Right to Attorney Fee.**

An action to enforce a tax lien, evidenced by a tax bill, regularly issued by a municipal corporation in payment of street improvements, where the tax bill recites that the "obligation and lien" therein provided for, shall extend to and include "reasonable attorney's fees and other costs of collection," and that upon default in the payment of any installment, or any part thereof, all deferred payments may be matured, at the option of the holder and "suit may be brought at once to recover judgment for the entire principal, accrued interest, attorney's fees and costs," and the holder of the tax bill has determined, after default in the payment of an installment, to mature all the deferred payments, but has not commenced action, and the property owner offers to pay the installments in default, interest, and penalty, held, that the right to demand the payment of attorney's fee had not accrued to the holder of the tax bill.

**3. Same.**

The property owner may free himself from liability to pay attorney's fees upon such tax bill by paying the amount of installment in default, accrued interest, and the penalty prescribed for delinquency, at any time before suit is commenced to recover judgment thereon.

**4. Tender—Waiver.**

When a tender is necessary to establishment of any right against another party, it is waived or becomes unnecessary when it is reasonably certain that the offer, if made, would have been refused.

**5. Same—Making Tender Good in Court.**

When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by F. P. McCormick against Lorenzo Grier, to collect money due on certain tax bills issued by the city of Tulsa and to declare a lien on certain town property and for the foreclosure of lien and sale of property, for attorney's fees and costs. Judgment for plaintiff. Defendant brings error. Reversed.

J. J. Henderson for plaintiff in error.

Randolph, Haver & Shirk and H. M. Gray, for defendant in error.

Opinion by THOMPSON, C. This action was brought by F. P. McCormick, defendant in error, plaintiff below, against Lorenzo Grier et al., plaintiffs in error, defendants below, for the purpose of enforcing collection of certain tax bills issued to defendant in error by the city of Tulsa, and for the purpose of declaring a lien on certain real estate of plaintiff in error and for the foreclosure and sale of said real estate to pay the indebtedness, evidenced by the tax bills, and for attorney fees and costs.

The parties to this action will be referred to as plaintiff and defendant as they appeared in the lower court.

There were two tax bills, No. 5683 and No. 5685, for $126.62 and $102.57, respectively, affecting part of lot one (1) and lot eight (8), both in block three (3) of Oaklawn addition to the city of Tulsa, to secure the payment of certain paving assessments levied by the city of Tulsa against said property, issued by said city as a municipal corporation, organized and existing under a freeholder's charter, adopted by the inhabitants of said city, under section 3a, article 18, of the Constitution of Oklahoma. Said tax bills, by their terms, fixed a lien upon the above described property; that the amounts for which said tax bills were issued were payable in installments, and that defendant had made default in the third, fourth, and fifth installments of the principal and interest, provided for in said tax bill, after demand had been made therefor,

and that plaintiff chose to exercise his option to declare all installments due. The tax bills were attached to and made a part of the petition in this cause.

Certain pleadings were filed by some of the defendants and the cause was dismissed as to all the defendants except Lorenzo Grier.

Defendant Lorenzo Grier filed his answer, which, for the purposes of this opinion, can be briefly stated as challenging the jurisdiction of the court and pleading tender of the amount of the installments due, and that because of said tender plaintiff had no right to a judgment for attorney fees, and pleading a former pending action between the same parties and for the same subject-matter.

Trial was had, which resulted in a judgment in favor of the plaintiff and against the defendant, Lorenzo Grier, under the first tax bill, for $146.59, principal and interest, $50 attorney fees, with seven per cent. interest, and upon the second tax bill for the sum of $118.74, costs of action and interest, both of which amounts were declared a first lien against the real estate described, and ordered the same foreclosed and property sold for the satisfaction of said judgment.

A motion for new trial was filed, heard, and overruled; exceptions reserved. The cause comes regularly upon appeal to this court by the defendant, Lorenzo Grier.

The attorney for defendant, in his brief, presents an argument on the question of the jurisdiction of the court to enter the decree, and that the tenders, made by the defendant, released him from the payment of the attorney fees, costs, and interest from the time of the tender, and that the plaintiff was barred from suing for all installments by a former pending action.

Upon the first proposition, this court has determined the same adversely to the contention of attorney for defendant in the late case of Berry v. McCormick, 91 Okla. 211, 217 Pac. 392, and the cases of Partee v. Cleveland-Trinidad Paving Co., 70 Okla. 31, 172 Pac. 945; Nitsche v. State Security Bank of Zanesville, Ohio, et al., 69 Okla. 37, 170 Pac. 234, and Berry v. Eureka Construction Co., 76 Okla. 146, 183 Pac. 517, and other cases cited therein.

The recent case of the City of Sapulpa v. Paul Land, 101 Okla. 22, 219 Pac. 117, refused to overrule the above cases. The Sa-

pulpa v. Land Case makes the distinction between it and the cases, supra, in this, that the charter of the city of Sapulpa provided that such taxes, as were sought to be collected by this action, by its terms should be collected in accordance with the law of the state of Oklahoma, whereas the charter of the city of Tulsa, which is applicable here, provides for the enforcement of paving tax liens, levied and assessed in accordance therewith, in any court of competent jurisdiction, and makes a clear distinction between the charters of the two cities, and this court is forced to follow the above decisions of the Supreme Court of this state in this action.

The question of tender of the amount due on the installments before action was brought, has been settled by this court in the case of Kreager v. McCormick, 74 Oklahoma, 182 Pac. 78, and if tender were made before this action was brought at the office of commissioner of finance and revenue of the city of Tulsa, under the above opinion the assessment of attorney fees in this action was error. The office of said finance commissioner, by the very terms of the tax bills, was made the place of tender of all amounts due, under and by virtue of said bill, and the evidence is undisputed that the defendant did make such tenders, or offers to pay, which offers were refused, and that he did make tenders to the attorney for plaintiff, and that attorney for plaintiff refused to accept the same unless the defendant would pay $100 attorney fees; that he received notices from the finance commissioner, before each installment became due, which notices were admitted in evidence.

The tax bills, among other things, provided:

"This special tax bill is payable at the office of the Commissioner of Finance and Revenue of the City of Tulsa."

And, under the evidence in this case, the tenders were made before this action was filed and in each instance were refused, the commissioner of finance saying he had no authority to accept the same, and the attorney for plaintiff refusing to accept the same unless the defendant would pay the sum of $100 attorney fees. The only right that the plaintiff had in this action before the institution of this suit, under the decision of Kreager v. McCormick, supra, was to collect the amount due as principal, interest thereon, and penalty, and this liability to pay an attorney's fee is not contractual,

but one imposed by law, and did not accrue until suit had been actually filed. The defendant attempted to relieve himself of any liability to pay attorney fees and was prevented from paying all that could have been lawfully demanded of him by the refusal of the commissioner of finance to accept it, and by the wrongful demand for the payment of an attorney fee.

Even if the tender were not made in due form, as contended by plaintiff, it was not a necessary requirement, for, in the case of Creek Land & Investment Co. v. Davis, 28 Okla. 579, 115 Pac. 468, this court held:

"When a tender is necessary to establishment of any right against another party, it is waived or becomes unnecessary when it is reasonably certain that the offer, if made, would have been refused."

This proposition has been reaffirmed in the case of Rupard et al. v. Rees, 93 Okla. 49, 220 Pac. 893. It was not necessary to deposit the money in court for section 310, Comp. Stat. 1921, provides as follows:

"When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial or when ordered by the court."

The court, upon finding the amount due, should have ordered the money paid into court, but this order was never made.

The defenses that the case is res adjudicata or former action pending examined, and we are of the opinion that they cannot be sustained.

It is our opinion that under the above authorities and the statute this defendant should have been permitted to pay the amount due on the installments together with interest and penalty, if any, and should have been allowed to have paid the amount of principal, interest, and penalty into court. It is, therefore, our opinion that the defendant was deprived of a substantial right and was wrongfully adjudged to pay an attorney's fee in this case, and the judgment of the lower court is therefore reversed for this reason, and remanded with instructions to enter judgment against the defendant for the amount due upon the tax bills together with interest up to the time tender was made, together with whatever penalties, if any, may have been due at the time such tenders were made, and that he be compelled, under orders of the court, to pay into the court the amounts found to be due, less attorney's fee, in satisfaction of the judgment, and, in the event of his failure to complete his tender by such payment, that the plaintiff have judgment for the full amount of principal, interest, penalty, and attorney's fees and declaring a lien against the property, and order a foreclosure of said lien and sale of the property under the law in satisfaction of the judgment.

By the Court: It is so ordered.