## COLVIN et al. v. CITY OF TULSA et al.

No. 13726—Opinion Filed May 25, 1926.

Withdrawn, Corrected, and Refiled and Rehearing Denied July 13, 1926.

### Appeal and Error — Failure to Appeal in Statutory Time—Dismissal.

Where a statute provides that an appeal shall be taken within a given time, and the party attempting the appeal permits that time to go by before appealing his case, the court will sustain a motion to dismiss on the ground that the cause of action is barred by the statute of limitation.

### 2. Municipal Corporations — Validity of Charter Provision Prescribing Time Limitation for Appeals from Decisions—Pavement Projects.

The statute of ten day limitation, provision of the charter of the city of Tulsa, contained in sec. 14, art. 9 of the said charter, providing that a party desiring to appeal from the decision of the city commissioners on a protest against pavement must do so within ten days, is a part of the regulations of matters wholly within said city, as to local improvements and assessments against property for paving of same, is constitutional and valid.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Frank Colvin and 28 others to enjoin the City of Tulsa from carrying out a certain paving contract of improvement district No. 296, and asking that the proceedings be vacated, disallowed, and set aside for certain reasons. Judgment for defendants, and plaintiffs appeal. Affirmed.

Louis W. Pratt, J. M. Springer, F. V. Westhafer, and Blake & Fleming, for plaintiffs in error.

H. O. Bland, City Atttorney, Harry L. S. Halley, and, Allen & Underwood, for de.end-ants in error.

Opinion by MAXEY, C. The petition in this case is quite lengthy, and sets out various and sundry alleged irregularities, and defendants separately demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiffs, and against defendants.

These demurrers came on for hearing on the 18th day of March, 1922, when the demurrers were sustained, upon the ground that it appears on the face of the petition that the original petition in the case was filed on the 15th day of February, 1922, more than ten days after the action of the city commission in denying the protests of the plaintiffs on the 24th day of January, 1922, and on said account the plaintiffs were barred from maintaining any suit under the ten day statute of limitation, contained in section 14, art. 9 of the charter of the city of Tulsa. Upon the hearing of th y demurrers, the plaintiffs were allowed to amend the petition in certain particulars, which are set forth in the journal, and judgment was entered on said amended petition on the 18 h day of March, 1922. The section of the charter of the city of Tulsa is what might be termed the statute of limitation in proceedings on this kind, and reads as follows:

"At any time within ten days, after hearing in section 7 of this article provided for has been concluded. any person or persons, corporation or corporations, having an interest in any real estate which may be subject to assessment under this charter, or otherwise having any financial interest in such improvement or improvements, or in the manner in which the cost thereof is to be paid, who may desire to contest on any ground the validity of any proceeding that may have been had with reference to the making of such improvements, or the validity, in whole or in part, of any assessment lien fixed by said proceedings, may institute suit for that purpose in any court of competent jurisdiction. Any person or persons, corporation or corporations, who shall fail to institute such suit within a period of ten days, or who shall fail to diligently prosecu'e such suit in good faith to final judgment, shall be forever barred from making any such contest or contests, and this estoppel shall bind their heirs, successors, administrators and assigns. The city of Tulsa, or the person or persons to whom the contract has been awarded, shall be made defendants in such suit, and any other proper parties may be joined therein. There shall be attached to plaintiff's petition an affidavit of the truth of the matter therein alleged, except such

matters as are alleged on information and belief, and that such suit is brought in good faith, and not to injure or delay the city or contractor, or any owner of real estate abutting on the improvement. Unless the provisions of this section are complied with by plaintiff or plaintiffs, such suit shall be dismissed on motion of any defendant, and in that event plaintiff or plaintiffs shall be barred and estopped to the same extent' as if suit had not been brought. * * * Provided, that any appeal or writ of error shall be perfected within 30 days from the adjournment of the term of court of original jurisdiction at which final judgment was rendered in such suit. * * *"

The record shows that on the 1st day of April, 1921, the board of commissioners of the city of Tulsa passed a resolution declaring it to be necessary to improve said districts, describing them; that on the 5th day of April, 1921, the commissioners caused certain advertisements for bids/to be published; and on the 22nd day of April, 1921, the commissioners awarded a contract for the improvement of certain districts; that on the 3rd day of January, 1922, the board of commissioners adopted a resolution, wherein it is stated that they had examined the estimate and statement of the engineer as to the cost of the pavement, which should be assessed against the abutting owners benefited, and otherwise liable to assessment as the owners thereof in street improvement district No. 296. This notice was published in the Tulsa Daily World of the issues of January 9, 10, 11, 12 and 13, and contained the names of the plaintiffs herein, and a description of the property owned by each of them and the amount to be assessed against their property, and that all matters affecting such improvement or benefits, and that any claim or objection to the assessment set forth in sa'd notice, should be filed in the office of the city auditor on or before January 22, 1922, and that if no notice or objection was received by the board of commissioners on or before said date. the same should be waived. A number of protests were filed by the persons named herein as plaintiffs, and the 24th day of January, 1922, fixed as the time for hearing of said protests; that on the 27th day of January, 1922, the board of commissioners denied the protests filed by the above-named plaintiffs, and ordered that said hearing be closed, and afterwards passed the necessary ordinance and proceeded with the work of improving said district; and on the 18th day of March. after plaintiffs had filed their amended petition. the court, upon further hearing. sustained the demurrers of the several defendants, on the ground that the

case was barred by the statute of limitations, and more than ten days had expired between the 24th day of January, 1922, denying the protests of plaintiffs on the ground that the same was barred by the statute of limitation, as contained in section 14, article 9 of the charter of the city of Tulsa.

It will be noticed that the commissioners denied the protest of the plaintiffs on the 24th day of January, 1922, and the petition in this case was not filed until February 15, 1922, when the charter provided that it should be filed within ten days, or was barred under the section of the charter quoted.

The sole question to be decided on the record in this case, is whether the trial court committed error in sustaining the demurrers of the several defendants to the petition, on the ground that the same were barred by the statute of limitation above set out.

The plaintiffs in error invoke the rule that all matters well pleaded in a petition should be taken as true, and cite some authorities to sustain that proposition. This is the correct rule in this state, but we do not think it has any application to a case where the petition shows on its face that the matters set up in the petition are barred by the statute of limitation. Where it appears to the court that an action is barred by the statute of limitation, the court will stop right there and proceed no further, because it is without juridiction to determine the matters.

The plaintiff in error has, however, raised the question that the statute of limitation contained in the city charter of Tulsa is unconstitutional, and that the general statute of 60 days in cases of this kind governs. We cannot agree with this contention. This very question has been before this court in a number of cases : Partee v. Cleveland-Trinidad Paving Co., 70 Okla. 31, 172 Pac. 945; Berry v. McCormick, 91 Okla. 211, 217 Pac. 392; Grier v. McCormick, 100 Okla. 36, 227 Pac. 400. The case of Partee v. Cleveland-Trinidad Paving Co., won an appeal from the district court of Tulsa county and involved the city charter of said city, and is very much like the case at bar, and this court decided it adversely to plaintiff in error's contention. The case of Berry v. McCormick, supra, is a case involving the assessment and collection and costs for street paving, and the court held that the city charter of the city of Tulsa regulating such matters was supreme, and had to be complied with in every particular. The case of Grier v. McCormick was another Tulsa case, and the court had this same question before

it, and in the first syllabus they laid down the following rule :

"The question of jurisdiction of the trial court in this action and the powers of a city, organized and existing under a freeholder's charter, to regulate matters wholly within said city as to local improvements and assessments against property for payment of same, have been settled by decisions of this court in the following cases, which are hereby adopted : Berry v. McCormick, 91 Okla. 211, 217 Pac. 392; Kreager et al. v. McCormick, 74 Okla. 302, 182 Pac. 78; Partee v. Trinidad Paving Co., 70 Okla. 31, 172 Pac. 945; Nitshe v. State Security Bank of Zanesville, Ohio, et al., 69 Okla. 37, 170 Pac. 234; Berry v. Eureka Construction Co., 76 Okla. 146, 183 Pac. 517; Sapulpa v. Land, 101 Okla. 22, 223 Pac. 640."

We think that the 10-day limitation provision of the charter of the city of Tulsa contained in sec. 14, art. 9, of Tulsa city charter is not unconstitutional. Having held that the 10-day statute of limitation contained in the city charter is constitutional, and in view of what we have said on the other question in the case, we are of the opinion that the cause of action set up in plaintiff's petition is barred by the statute of limitation, and that the court was right in sustaining the demurrer. In the City of Topeka et al. v. Cage et al., 44 Kan. 87, 24 Pac. 82, the court held that the action was barred by the statute of limitation, and the facts in that case are identical with the case at bar. See, also, Grier v. Kramer et al., 62 Okla. 151, 162 Pac. 190; Warner-Quinlan Asphalt Co. v. Smith, 68 Okla. 263. 173 Pac. 516. There are numerous other cases from this court which support the position taken by the trial court. The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See 3 C. J. p. 1067 § 1074; 4 C. J. p. 566 § 2380; 2 R. C. L. p. 105; 1 R. C. L. Supp. p. 398; 4 R. C. L. Supp. p. 81.