This action was begun in the county court of Carter county, wherein the guardianship proceedings of plaintiff in error were pending, by A. Eddleman filing in the guardianship proceedings an application for the allowance of attorney fees for services rendered for and on behalf of the minors in whose behalf said proceedings were being had. The application for allowance of attorney fees was resisted by the guardian upon oral objection. The cause was submitted to the judge of the county court upon the written application of the said A. Eddleman, and upon oral testimony introduced upon the hearing of said application. The county court found in favor of the said A. Eddleman and directed the guardian to pay the attorney fees therein allowed. From the action of the county court the plaintiff in error appealed to the district court of Carter county, where the cause was again heard by the court de novo. Evidence was introduced, and the trial court found in favor of the said A. Eddleman, and made an order on the 6th day of August, 1926, that "said guardian be and is hereby instructed and directed to pay to said A. Eddleman the sum of $1,500." No exceptions were taken to this order, nor notice of appeal therefrom given; no order made extending time in which to make and serve case-made. On the 7th day of August, 1926, the plaintiff in error filed his motion for new trial, and thereafter, on the 8th day of October, 1926, the motion for new trial was overruled, to which the plaintiff in error excepted, gave notice of appeal in open court, and an order was made granting an extension of time in which to make and serve case-made. After the order overruling the motion for new trial was made, and prior to the service of case-made, the said A. Eddleman died, and the cause was revived in the name of Laura M. Eddleman, administratrix, and the case-made filed in this cause served upon her attorneys of record on the 14th day of December, 1926. Petition in error with case-made attached was filed in this court March 22, 1927.
The defendant in error now moves this court to dismiss the appeal in said cause for the reason that the case-made was not served within the time required by law, and is therefore a nullity, and confers no jurisdiction upon this court, and for the further reason that the petition in error with the case-made attached thereto was not filed in this court within six months from the date of the making of said order by the trial court August 6, 1926.
It is contended by the defendant in error that the filing and presentation of the motion for new trial, and the order of the trial court made thereon, were unnecessary to authorize this court to review the action of the trial court in this cause, and therefore would not operate to extend the time in which to make and serve case-made, or the time in which to file petition in error in this court.
Section 853, C. O. S. 1921, is as follows:
"A motion is an application for an order, addressed to the court, or a judge in vacation, or by any party to a suit or proceedings, or one interested therein, or affected thereby."
The paper filed by Eddleman in the guardianship proceedings in the county court of Carter county is, in effect, a motion. It was addressed to the court by a party interested in the proceedings and requested the making of an order by the court upon the guardian, who was an officer of the court, and thereby comes within the terms of section 853, supra.
The action of the court at the hearing on the application was a direction by the court to pay the amount allowed, and was an order *Page 186 
as defined by section 859, C. O, S. 1921, which is as follows:
"Every direction of the court or judge made, or entered in writing, and not included in a judgment, is an order."
Having determined the action arose on a motion, and after a hearing thereon resulted in an order of the court, the question of the necessity for a motion for new trial has been settled by this court by an unbroken line of decisions from Powell v. Nichols et al., 26 Okla. 734, 110 P. 762, to the present time.
In Powell v. Nichols et al., supra, the court laid down the rule that:
"The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."
In Ginn v. Knight et al., 106 Okla. 4, 232 P. 936, the above rule is approved by this court as follows:
"The filing and determination of a motion for new trial of a contested question of fact arising upon a motion is not necessary to authorize this court to review the order made upon such hearing, and filing of a motion for new trial is unauthorized in such a proceeding and does not extend the time in which to make and serve case-made."
The order in the instant case was made on August 6, 1926. The case-made was served on December 12, 1926. No order was made by the court extending the time in which to make and serve a case-made within 15 days after the making of said order on August 6, 1926. Section 785, C. O. S. 1921, provides:
"The case so made, or a copy thereof, shall within 15 days after the judgment or order is rendered, be served upon the opposite party or his attorney. * * *"
And a case-made not served within the time provided by law, or within the time fixed by a valid order of the court, is a nullity, and on motion the appeal will be dismissed. Harrison v. Reed et al., 81 Okla. 149, 197 P. 159.
The petition in error with case-made attached was filed in this court on the 22nd day of March, 1927, more than six months after the order of the court was made from which the appeal was taken. Section 798, C. O. S. 1921, provides that all proceedings for reversing, vacating, or modifying judgments, or final orders, shall be commenced within six months from the rendition of the judgment or final order complained of.
"Where a statute provides that an appeal shall be taken within a given time, and the party attempting the appeal permits that time to go by before appealing his case, the court will sustain a motion to dismiss on the ground that the cause of action is barred by the statute of limitation." Colvin et al. v. City of Tulsa et al., 118 Okla. 209, 247 P. 970.
The case-made in the instant case not having been filed within the time allowed by law, or within the time fixed by any valid order of the court, and the petition in error not being filed in this court within six months from the rendition of the order appealed from, the motion to dismiss should be, and is hereby sustained, and the appeal dismissed.