## ROWE v. ROWE et al.

No. 25307. Nov. 26, 1935.

Rehearing Denied Dec. 17, 1935.

H. S. McArthur, for plaintiff in error.

W. R. Kerr, for Becker Roofing Company.

Orr & Rust, for Hanchett Bond Company.

Albert H. Bell, for Home Building & Loan Association.

PER CURIAM. The defendant in error, Hanchett Bond Company, a corporation, filed in the district court of Tulsa county its action against Virgil Rowe, Mary Rowe, Home Building & Loan Association, a corporation, Guaranty Roofing Company, a corporation, and the city of Tulsa, Okla., to foreclose a tax bill on certain real estate situated in the city of Tulsa. The Home Building & Loan Association filed its answer and cross-petition against the plaintiff and all the codefendants to foreclose a mortgage which it had on this real property. On proper motion Evelyn Johnson Rowe, Becker Roofing Company, and Joe Campbell were made additional parties defendant. Answers were also filed by the defendants Virgil Rowe and the Becker Roofing Company.

The case was tried on January 13, 1933, resulting in a decree of foreclosure as prayed for in the plaintiff's petition on its tax bills and establishing plaintiff's claim as a first lien upon the lands and premises involved, and a judgment was also rendered in favor of the defendant and cross-petitioner, Home Building & Loan Association, for a money judgment and foreclosure of its mortgage as a second lien upon the real estate, and a further judgment for the defendant and cross-petitioner, Becker Roofing Company, for foreclosure of its labor and materialman's lien and decreeing the same to be a third lien upon the real estate. From the judgment so rendered there was no appeal. Thereafter, a sale of said lands and premises was had and confirmation of said sale was made and the sheriff's deed executed. No appeal was taken from the order confirming sheriff's sale.

After all these proceedings were had and the case finally disposed of, Mary Rowe, one of the defendants, filed her motion to vacate the judgment rendered, setting out two grounds therefor:

First. That the court had no jurisdiction of the person of Mary Rowe.

Second. Irregularities in obtaining the said judgment in that the defendant Mary Rowe was never served with process, either personally or constructively; that she was at the commencement of this action and at the time of filing said motion a resident of the state of Mississippi; that she never lived in Oklahoma and never was in the state of Oklahoma; that she is the legal and record owner of all the real estate described in plaintiff's petition and in all cross-petitions filed in said cause of action; that she had no actual knowledge or notice of the pendency of this cause until about the ___ day of June, 1933; that pretended service was attempted and claimed to be had on her by leaving a copy of the summons at 531 East Queen street in the city of Tulsa, Okla., but she had no knowledge of same and no opportunity to appear and defend in the said cause, and that her failure to appear and defend in the said cause has been without fault or laches on her part; that she is more than 21 years of age and has never lived at 531 East Queen street in the city of Tulsa, Okla.

A hearing was had on said motion on July 17, 1933, and at the hearing witnesses were examined and evidence heard in support of said motion and in opposition thereto. The court overruled the motion of said defendant Mary Rowe to vacate the judgment, to which order of the court the defendant Mary Rowe alone excepted and gave notice of appeal to this court. The error complained of by Mary Rowe, the plaintiff in error, is the overruling of said motion.

The summons in this case was legally issued to the sheriff of Tulsa county, Okla., directing service of summons upon the plaintiff in error, Mary Rowe, and other defendants. The return of the sheriff shows service on Mary Rowe in words and figures as follows:

"State of Oklahoma, County of Tulsa—ss:

"Received this writ, 29 August, 1932, and served the same upon the following persons, defendants within named, at the time following, to wit:

"Virgil Rowe, August 30, 1932;

"Evelyn Johnson Rowe, August 30, 1932, by delivering to each of said defendants, personally in said county, a true and certified copy of the within summons, with all the indorsements thereon.

"Mary Rowe, August 30, 1932, by leaving for each of said defendants at her usual place of residence of each in said county, with a member of the family over fifteen years of age, a true and certified copy of the within summons, with all the indorsements thereon.

"The following persons, defendants, within named not found in said county:

"Joe Campbell, August 31, 1932.

"Chas. Price, Sheriff,

"Tulsa County, Oklahoma,

"By Ramey Miller, Deputy."

From the return of summons it appears that the return was in all respects legal, and the journal entry of judgment shows that Mary Rowe was duly notified of the pendency of said action by service of summons in the manner provided by law.

The summons served shows that Mary Rowe lived at 314 East Davenport, Tulsa, Okla. Ramey Miller, deputy sheriff who served the summons and made the return, testified at the hearing of this motion that he was informed that she lived there at said residence, and that he did not serve her personally but a member of her family, and that he understood that she was living there with her mother.

Virgil Rowe, one of the defendants, testified in support of said motion that he knew Mary Rowe; that she was his daughter; that she lived in Yazoo county, Miss.; the last account he had of her she lived in Silver Creek; that Mary Rowe had resided in Mississippi all her life; that he made a deed to this real property to Mary Rowe and that he had not heard from her since 1921; that he made the loan on the real property and that afterwards he deeded this property to his daughter, and that he was advised to deed his property to his daughter because he had some trouble with a woman, and that Mary Rowe did not know that he made the deed to her.

The court, after hearing the evidence, found that the motion should be overruled.

This court held in the case of Jones v. Jones, 57 Okla. 442, 154 P. 1136:

"Where a judgment, regular upon its face, based upon an officer's return showing personal service, is sought to be vacated and set aside, public policy demands that it should not be overcome, except upon clear and convincing proof that the return is false. * * *

"The trial court, on a consideration of all the evidence for and against the motion, after seeing the witnesses and observing their demeanor, reached the conclusion that the sheriff's return was correct. We are urged to disturb this finding on the theory that it is not reasonably supported by the evidence. The sheriff's return, showing service, is prima facie evidence of its truthfulness. The deputy sheriff, who served the summons according to the return, testified positively that he served the summons personally on the defendant, as stated in the return. The defendant testified that he was not served. The evidence discloses other circumstances, which, to some extent, support the defendant's statement; but, taking the testimony as a whole, we are satisfied that the evidence reasonably supports the finding of the trial court. This being true, it should not be disturbed on appeal."

The same law would apply to the service of summons in a case where the defendant was not personally served, but the summons was served by leaving for defendant at her usual place of residence in said county a copy with a member of the family over 15 years of age, as this is one of the means by which service of summons may be had.

The defendant Mary Rowe did not appear at the hearing and no affidavit of hers was presented to the court to substantiate the irregularities as set out in the motion.

The judge that heard the evidence in this case on this motion had an opportunity to observe the witnesses that testified and from the evidence submitted found that the motion should be overruled. This court has held that the overruling of a motion to vacate a judgment will not be disturbed on appeal in the absence of an abuse of the trial court's discretion. Evidence was submitted in support of the motion and also in opposition thereto, and from all of the evidence produced the court made his findings. In the case of Eagle Loan & Inv. Co. v. Turner, 113 Okla. 251, 241 P. 138, this court said:

"Where it does not clearly appear that the court below abused its discretion, its action in overruling a motion to vacate the

judgment will not be disturbed on appeal. North v. Hooker, 68 Okla. 106, 172 P. 77."

In this same case the court held that the general presumption is that public officers perform their official duties and their official actions are legal.

The presumption in this case is that the sheriff and his deputy performed their official duty as provided by law in the service of this summons, and that there must be clear and convincing proof that the return made by the officer in this case is false. The interest of the witness in support of the motion is apparent and the trial court was justified in concluding that this testimony was not sufficiently clear and convincing to overcome the presumption created by the return on the summons.

After the evidence was heard by the court, the record shows that the judge made this statement:

"Well, I am satisfied about this case. She has no interest in the property and the judgment will be amended to find that the deed was merely colorable, and that she took no title in it and that her interest is canceled."

This statement of the judge shows that he was convinced that there was not sufficient evidence to sustain the motion and impeach the officer's return.

The plaintiff in error in her brief has raised the question that the district court had no jurisdiction of the subject-matter. Tulsa is a city governed by a charter form of government. In the charter of this city is provided the manner and method of making street improvements, and also the manner and method of collecting special tax bills when they are not paid by the party for whose benefit the improvement was made. On numerous occasions this court has passed on the provisions of law in regard to cities which have a charter form of government in the state of Oklahoma. In the case of Caruth, Mayor of the City of Shawnee, v. State ex rel. Tobin, 101 Okla. 93, 223 P. 186, this court held:

"A city charter when adopted by the people and approved by the governor, pursuant to constitutional authority, becomes the organic law of the city, and the provisions thereof supersede all laws of the state in conflict therewith, in so far as such laws relate to purely municipal matters."

See, also, State ex rel. Short v. Callahan et al., 96 Okla. 276, 221 P. 718; Hinz, Com'r, etc., v. Hubbard et al., 95 Okla. 164, 216 P. 440; Walton, Mayor, etc., v. Donnelly, 83 Okla. 233, 201 P. 367; Oliver et al. v. Pickett, Co. Treas., 79 Okla. 315, 193 P. 526.

Article 9 of section 13 of the charter of the city of Tulsa provides as follows:

"The cost of any such improvements assessed against any property together with all costs and reasonable expenses in collecting the same, including reasonable attorney's fees when incurred, shall be secured by a lien upon such property superior to all other liens, claims or title, except city, county and state taxes, and such lien may be enforced either by suit in any court of competent jurisdiction or by sale in the same manner as far as applicable, as sales are authorized to be made by the city of Tulsa for the nonpayment of taxes; provided, that it shall not be necessary to sell at the same time as for delinquent ad valorem taxes, and the board may by resolution or ordinance make such rules and regulations, not inconsistent with the charter, as it may deem necessary to provide for the speedy collection of such assessments for improvements."

The provisions of the charter of the city of Tulsa and the ordinance passed in pursuance thereto levying the assessment, are the basis upon which the defendant in error sought to foreclose its lien.

In the case of Nitsche v. State Security Bank of Zanesville, Ohio, 69 Okla. 37, 170 P. 234, the court held:

"A municipal corporation having adopted a charter form of government, as provided by law, may, under section 7, art. 10, of the Oklahoma Constitution and the provisions of its charter and ordinance enacted in pursuance thereof, levy and collect assessments for street improvements, and fix the amount thereof as a lien on abutting property in proportion to the accruing benefits regularly ascertained, and may issue and deliver to the contractor in payment of his claim for making such improvements written evidence of the amount thereof designated 'tax bills' and the same may be made to bear interest at 7 per cent. per annum, and provide for the payment of a reasonable attorney's fee in case of legal proceedings to collect the same, and such certificate may be assigned and the lien which it evidences may be foreclosed by the assignee, and the property sold to satisfy the same."

See, also, Berry v. McCormick, 91 Okla. 211, 217 P. 392; Kreager v. McCormick, 74 Okla. 302, 182 P. 78; Partee v. Cleveland-Trinidad Paving Co., 70 Okla. 31, 172 P. 945; Berry v. Eureka Construction Co., 76 Okla. 146, 183 P. 517; Sapulpa v. Land, 101 Okla.

22, 223 P. 640; Grier v. McCormick, 100 Okla. 36, 227 P. 400.

In the case of City of Tulsa et al. v. Weston et al., 102 Okla. 222, 229 P. 108, this court held:

"The city of Tulsa, operating under its charter, is a miniature sovereign. * * * The people of said municipality adopted said charter, and have never surrendered the power to amend or change the same. If alleged rights not thereby secured are deemed needed by the citizenship in safeguarding the making of improvements as in the instant case, the people, under its own provisions, have power to insert therein the same."

Ordinance No. 2919 levying the assessment involved in this action provided two methods by which the holder of the tax bill might force payment. One is by an action as in this case and the other is

"* * * or upon default in the payment of any installment, or installments, the same may be certified to the county treasurer of Tulsa county, Okla., if the holder of the tax bill so requests in writing, and be enforced and collected as are other delinquent taxes in the city of Tulsa, Okla."

The holder of the tax bill, as provided in this ordinance, had two methods with which to force collection and he chose to bring an action in the district court to foreclose the lien.

"2. Municipal Corporations—Paving Assessments and Liens—Procedure for Enforcement—Validity of Charter Provisions. The provisions of a city charter, and of an ordinance in harmony therewith, authorizing the city board of commissioners to improve streets and alleys and to let contracts for paving same and to make assessments against abutting lots in proportion to the benefits accruing to such lots and to create a lien against such lots for the payment of such assessments and to provide that such lien may be foreclosed in a civil action in the district court, do not exceed the limitations, contained in section 3a, art. 18, of the Constitution, upon the powers of a city or conflict with the provisions thereof, provided such charter provisions and ordinance do not undertake to make the lien for city assessments prior and superior to the liens of the state for delinquent taxes or other liens which the state may have against such property.

"Nor is the provision of such charter and ordinance authorizing a foreclosure of such lien by a civil action in district court invalid, provided such procedure is not made exclusive." M., K. & T. Railroad Co. v.

City of Tulsa, 113 Okla. at page 21, 238 P. 452.

The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Grover C. Wamsley, Theodore Pruett, and Ted Morgan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wamsley and approved by Mr. Pruett and Mr. Morgan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.