In re **WILLIAMSON'S ESTATE.**
**LEWIS et al. v. McQUEEN.**

No. 28355.     Oct. 1, 1940.

Rehearing Denied Nov. 19, 1940.

*107 P. 2d 192.*

Fogg & Fogg, of El Reno, Dudley, Hyde, Duvall & Dudley, of Oklahoma City, Burrus & Burrus, of Independence, Mo., and W. B. Brewster, of Kansas City, Mo., for plaintiffs in error.

Tomerlin, Chandler, Shelton & Fowler, McQueen & Kidd, and Spiers & Bodovitz, all of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal from an order and judgment of the district court entered on June 28, 1937, allowing and approving the final account of the executor in a probate proceeding in the county court. Motion for new trial was overruled on July 2, 1937. The petition in error was not filed until December 31, 1937, more than six months after the entry of the judgment.

A motion to dismiss has been filed for the reason that the proceeding comes within the rule announced by this court in Re Guardianship of Butler, Butler v. Archard, 130 Okla. 241, 266 P. 1106; In re Baptiste's Guardianship, 125 Okla. 184, 256 P. 520; In re Williams' Estate, 183 Okla. 461, 83 P. 2d 157. The proceeding was not a civil action. Welch v. Barnett, 34 Okla. 166, 125 P. 472; In re White's Estate, 175 Okla. 439, 52 P. 2d 1074. The account is made to the county court, and whether exceptions are filed thereto or not, it is the duty of that court to examine it, and the burden is upon the executor to sustain by his proof any item questioned by the court. Howe v. Tarloshaw, 102 Okla. 268, 225 P. 983. It is apparent that an issue of fact raised in a hearing upon the final account of an executor or administrator is not such as is contemplated by the Code of Civil Procedure. Section 348, O. S. 1931, 12 Okla. St. Ann. § 554. The appeal must be dismissed under the above authorities.

Plaintiffs in error urge that these cases are not authority for the rule in a proceeding on the final account. We do not find that this court has made any distinction as to the nature of the account, but simply lays down the rule that the proceeding on appeal from the account is not a trial and does not require any motion for new trial.

Appeal dismissed.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, V. C. J., and CORN and DANNER, JJ., absent.