Dear Representative Beutler,
¶ 0 This office has received your request for an Opinion in which you asked, in effect, the following question:
 May a city amend its charter to provide for a fiscal year other than that provided in Article X, § 1 of the Oklahoma Constitution?
¶ 1 The Revenue and Taxation section of the Oklahoma Constitution at Article X, § 1 provides:
 The fiscal year shall commence on the first day of July in each year, unless otherwise provided by law.
Okla. Const. art. X, § 1.
¶ 2 Article XVIII of the Oklahoma Constitution, Section 3(a) provides that cities with more than two thousand inhabitants may adopt a charter, "consistent with and subject to the Constitution and laws of this State," to act as the organic law of that city. Thus, a charter adopted by a municipality "must yield to the constitution and general laws of the state." City of Tulsa v.Johnson, 145 P.2d 198, 199 (Okla. 1943). Consequently, as evident throughout case law underlying this section, it has long been held that the charter of a municipality, so far as purely municipal matters are concerned, has the force and effect equal to a general law, and supercedes all State laws in conflict.Berry v. McCormick, 217 P. 392, 393-4 (Okla. 1923).
¶ 3 There is no express provision in the Oklahoma statutes allowing a city to set an alternate fiscal year. As stated above, however, "a city charter which is adopted and approved in accordance with the Constitution and which is not inconsistent therewith becomes the organic law of the city and supercedes all laws of the state in conflict therewith insofar as such laws relate to merely municipal matters." Oliver v. City of Tulsa,654 P.2d 607, 609 (Okla. 1982). "Under this rule the conflict between the supremacy of the state law and the exercise of municipal power under [a city's] charter is resolved by determining `whether such law pertains to general matters of the state and its government or pertains to municipal affairs.'"Id. at 609 (citations omitted). Thus, as the organic law of the city, a city charter may provide for an alternate fiscal year if such a provision does not conflict with the general laws of the State or, in the case of a conflict, the provision regards a matter of local concern.
¶ 4 There are no statutes which directly conflict with the establishment of an alternate fiscal year. In the absence of a general law preventing the establishment of an alternate fiscal year, a charter provision establishing an alternate fiscal year does not conflict with the general laws of the State. See,Vinson v. Medley, 737 P.2d 932 (Okla. 1987). In keeping with Article X, § 1 of the Oklahoma Constitution which allows for an alternate fiscal year where provided by law, a charter provision setting an alternate fiscal year would not conflict with the Constitution, as the charter would act as the organic law of the city.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A city may establish by charter[1] a fiscal year other than that provided by Article X, § 1 of the Oklahoma Constitution.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
KEVIN NELSON ASSISTANT ATTORNEY GENERAL
[1] This opinion does not address whether a charter city may enact through ordinance a provision setting an alternate fiscal year. While the reasoning above regarding a charter's authority when in conflict with State law is equally applicable to ordinances of a charter city, the authority to enact must be reviewed within the context of the individual charter. Thus, each review will depend on the particular factual circumstances which is beyond the scope of review of this Opinion.