## WOLFE v. HARRIS.

No. 14487—Opinion Filed May 19, 1925.

**Appeal and Error—Case-made—Extending Time for Service—Void Order.**

Under the provisions of Comp. Stat. 1921, sec. 884, the day on which an order extending time to prepare and serve case-made is entered shall be excluded in computing the duration of such extension, and the last day mentioned in the order shall be included unless that day be Sunday, in which event that day shall also be excluded. Therefore, an order extending time to prepare and serve a case-made nine days from June 13th expires at midnight of June 22nd, and where that day is Friday, a purported order entered June 23rd granting a further extension of time is void, and a case-made thereafter served is a nullity.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Seminole County; B. F. Davis, Judge.

Action by Vernon V. Harris against C. Dale Wolfe to recover money received by defendant to plaintiff's use. Judgment for plaintiff, and defendant brings error. Dismissed.

S. S. Orwig and C. Dale Wolfe, for plaintiff in error.

C. Guy Cutlip and Thos. J. Horsley, for defendant in error.

Opinion by LOGSDON, C. At the threshold of this case the court is confronted by a motion of plaintiff to dismiss this proceeding in error for the reason that the case-made was not prepared and served within the time allowed by law, nor within an extension thereof lawfully ordered by the trial court, and that this court is, therefore, without jurisdiction to consider the same. This motion is extensively briefed and urgently insisted upon by the plaintiff in his brief, and defendant in his reply brief has not seen proper to question any of the statements made by plaintiff in support of said motion, nor has defendant cited any authorities against the validity of plaintiff's motion. It appears from an examination of the records in the clerk's office that the motion of plaintiff to dismiss was filed in this court September 21, 1923. It further appears that on October 16, 1923, this court

entered a pro forma order denying the motion to dismiss, but at that time plaintiff's answer brief was not due and the case was not ready for submission. Thereafter, plaintiff filed his brief, defendant filed his reply brief, and the case was thereafter regularly assigned to this division for consideration and disposition.

From an examination of the case-made, as it relates to plaintiff's motion to dismiss, the following facts are disclosed: The case was tried October 18, 1922, and the motion for new trial was overruled December 30, 1922. At the time of the overruling of the motion for new trial, defendant asked, and was granted by the trial court, an extension of 120 days within which to prepare and serve the case-made. This 120 days would extend the time up to and including April 29, 1923. On April 28, 1923, the trial court entered an order granting to the defendant a further extension of time of 30 days, in addition to the time theretofore granted. This second extension of time would extend up to and include May 29, 1923. On May 25, 1923, the trial court, entered another order, granting to defendant a further extension of time of 15 days, in addition to the time extended in the previous order. This third extension would include June 13, 1923. On June 12, 1923, the trial court again entered an order extending time, granting to defendant 9 days in addition to the period covered in the previous order. This last extension of time permitted defendant to prepare and serve his case-made at any time up to and including June 22, 1923, but not later. On June 23rd, after the previous order of June 12th had expired, the trial court attempted by an order to grant a further extension of time of three days. The case-made was thereafter served June 25, 1923.

In the case of Lovejoy, Russell & James v. Graham, 33 Okla. 129, 124 Pac. 25, this court, speaking through Justice Williams, said:

"It is well settled that an order made after the expiration of the time allowed for making and serving a case-made, extending the time for such purpose, is a nullity, and a case-made served out of such time cannot be considered."

The above language by Justice Williams has been approved and the rule there stated followed in every case which has arisen in this court since that time, where a like question has been presented. The holdings of this court are uniform, and without any exception, that a case-made not prepared and

served within the time provided by law, or within the time covered by any lawful extension thereof granted by the trial court, presents nothing to this court for review, and that this court is without jurisdiction to consider the same. In this case it clearly appears that at the time the trial court entered its order on June 23, 1923, purporting to grant a further extension of time of three days in which to prepare and serve the case-made, the trial court had lost jurisdiction by reason of the expiration of its previous order and, therefore, such attempted extension of time made by order on June 23rd was void for want of jurisdiction to enter the same, and the case-made thereafter prepared and served under this void order is a nullity and confers no jurisdiction upon this court to pass upon alleged errors occurring upon the trial of the case.

It is provided by Comp. Stat. 1921, sec. 884, as follows:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded."

Therefore, it is clear that at midnight on June 22, 1923, the trial court lost jurisdiction to grant any further extension of time within which to prepare and serve the case-made herein, unless said June 22, 1923, fell on Sunday. This court finds that June 22, 1923, was Friday and, therefore, the purported order of extension made on Saturday, June 23rd, was ineffectual and void for any purpose.

For the reasons herein stated, the motion of plaintiff to dismiss this proceeding should be and is sustained and the proceeding dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 352; 2 R. C. L. 152; 1 R. C. L. Supp. 415.