Note.—See under (1) 9 C. J. p. 1256, §195; 41 C. J. p. 346, §115; p. 354, §123; p. 357. §124; anno. L. R. A. 1916B, pp. 192-194; 19 R. C. L. p. 263; 3 R. C. L. Supp. p. 927; 4 R. C. L. Supp. 1263; 5 R. C. L. Supp. 1031. (2) 29 Cyc. p. 1114; 20 R. C. L. p. 346; 3 R. C. L. Supp. p. 1058; 4 R. C. L. Supp. p. 1355; 5 R. C. L. Supp p. 1100.

---

### FRENCH et al. v. BOWLES et al.

No. 18872.    Opinion Filed Nov. 22. 1927.

(Syllabus.)

1. **Appeal and Error—Time for Case-made —Question Whether Decision is Order or Judgment—Syllabus Adopted.**

Syllabus, parags. 1, 2, and 3. in the case of In re Baptiste's Guardianship, Buchanan v. Eddleman, 125 Okla. 184, 256 Pac. 520, is hereby adopted as syllabus in this case.

4. **Same—Invalidity of Order Extending Time for Case-made.**

Where no order of the court is made within 15 days from the time of judgment or order appealed from extending the time in which to make and serve case-made, an order made thereafter is void.

Error from District Court, Kay County; W. E. Rice, Judge.

From an order of the trial court allowing attorney fees to W. M. Bowles and another, in the matter of the guardianship of Dorothea Carmichael, a minor, and directing the guardians, Fred French and another, to pay the same, the guardians appeal. Appeal dismissed.

Sargent & Ross, for plaintiffs in error.

Wieck & Armstrong, for defendants in error.

PER CURIAM. This proceeding was begun in the county court of Kay county by W. M. Bowles and H. S. Burke filing an application for allowance of attorney fees for services rendered in behalf of the estate of Dorothea Carmichael, a minor, at the request of Fred French and Sarah Summers, who were at the time the legal guardians of said minor. The application was filed in the guardianship proceedings pending in said county court and requested the court to make an order allowing a reasonable attorney fee for such services performed, as set forth in the application. Upon this application a hearing was had before the court and resulted in an order allowing attorney fees and ordering and directing the said guardians to forthwith pay the same. From this order of the county court the guardian appealed to the district court of Kay county, where the application was heard de novo. On May 9, 1927, the district court of Kay county made an order allowing attorney fees and ordering and directing the said guardians to pay the same, to which order the guardians excepted. No notice of appeal was at that time given, nor was any order made extending time in which to make and serve case-made. On May 10, 1927, a motion for new trial was filed by said guardians, which motion was overruled on June 6, 1927, and upon the overruling of the motion for new trial the guardians gave notice of appeal and upon request were granted 90 days in which to make and serve case-made. Orders extending time in which to make and serve case-made were from time to time made, and the case-made served upon the defendants in error on September 6, 1927.

The defendants in error have filed herein their motion to dismiss the appeal for the reason the case-made was not served within the time allowed by law or within the time allowed by any valid order of the court.

It is the theory of the defendants in error that the filing and presentation of the motion for new trial and the order of the court made thereon were unnecessary to authorize this court to review the action of the trial court in this cause, and therefore would not operate to extend the time in which to make and serve case-made. The question presented here was settled by this court in the case of In re Baptiste's Guardianship, Buchanan v. Eddleman, 125 Okla. 184, 256 Pac. 520, in which it is held that an application of the character of that presented in this case was a motion, and that the allowance of the attorney fees and the direction of the trial court to the guardians to pay the same was an order. The first paragraph of the syllabus thereof is as follows:

"The nature of a pleading or motion filed in a cause is determined by the subject-matter thereof and by the relief the court is authorized to grant under it, and not by the title given it by the pleader, and where it appears from the subject-matter of the instrument filed that the only relief sought or authorized by it is an order, such instrument will be treated as a motion and the decision rendered thereon as an order, and not as a judgment."

And in the second paragraph of the syllabus of that case the court laid down the following rule:

"The filing and determination of a motion for new trial of a contested question of fact arising upon a motion is not necessary to authorize this court to review the order made upon such hearing, and filing of a motion for a new trial is unauthorized in such a proceeding and does not extend the time in which to make and serve a case-made."

It was further held in that case, as reflected in the third paragraph of the syllabus thereof, that:

"Where plaintiff in error fails to make and serve his case-made within the time allowed by statute, or within the time as extended by the court, the same is a nullity, and on motion the appeal will be dismissed."

The order of the trial court made on June 6, 1927, extending the time in which to make and serve case-made, was void for the reason that it was not made within the 15 days allowed by law in which to make and serve case-made, and the case-made served after the expiration of 15 days from May 9, 1927, is a nullity and brings nothing before this court for review. Section 785, C. O. S., 1921; Wolfe v. Harris, 112 Okla. 58, 240 Pac. 316; Petty v. Foster, 122 Okla. 152, 252 Pac. 836.

The case-made was not served within the time required by law or within the time fixed by any valid order of the court. Therefore, this appeal is dismissed.

Note.—See under (4) 4 C. J. p. 350, §1991; 2 R. C. L. p. 159; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75.