## JONES v. JONES.

No. 5605. Opinion Filed October 12, 1915.

Rehearing Denied February 29, 1916.

Second Application for Rehearing Denied April 28, 1916.

(154 Pac. 1136.)

1. **PROCESS—Service of Summons—Return—Effect as Evidence.** A sheriff's return on a summons showing personal service is not conclusive, but **prima facie** evidence of its truthfulness, and it requires clear and convincing proof to overcome it.

2. **APPEAL AND ERROR—Finding of Fact—Service of Summons—Return.** Upon a motion to vacate a judgment, regular upon its face, based upon an officer's return showing personal service, the finding of the trial court that the return was true will not be disturbed on appeal, where the evidence reasonably supports the same.

(Syllabus by Dudley, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Gracie Jones against Lewis Jones. Judgment for plaintiff, and defendant brings error. Affirmed.

*Jess W. Watts, Alvin F. Molony,* and *Edward M. Gallaher,* for plaintiff in error.

*Chas. F. Runyan,* for defendant in error.

Opinion by DUDLEY, C. This is an appeal from the district court of Wagoner county. On May 10, 1912, the defendant in error, plaintiff below, commenced an action in the district court of said county against her father, plaintiff in error, defendant below, to recover possession of certain real estate situated in said county constituting her allotment, and to quiet title thereto, and to recover the rental value of said premises for the years of 1910 and 1911. Summons was issued on the day the suit was filed, and on May 21st was returned by the sheriff, showing the defendant could not be found in said county. On June 7th an alias summons was issued, and on June 16th was returned by the sheriff showing personal service upon the defendant in said county on June 8, 1912. On August 12, 1912, a default judgment was rendered in favor of the plaintiff against her father, the defendant, for the possession of said real estate, canceling a deed made by her to him, and quieting her title to said premises. After the rendition of said judgment, the plaintiff sold said real estate to J. W. Myers, who in turn sold the same to one W. A. Lamon, who later sold the same to Thomas C. Harrell. On January 31, 1913, a writ of possession was issued by the clerk of said court in favor of the plaintiff and her assigns, directing the sheriff of said county to dispossess the defendant of said premises. On February 12, 1913, the defendant filed a verified motion in said court in said cause to set aside and vacate the said default judgment, on the sole ground that he was not served with summons in said cause, and that he had no notice of the institution of said cause and the rendition of said judgment, pleading a valid defense to said cause of action. The plaintiff filed a response to this motion, and on March 25, 1913, the court, on consideration of the evidence of both parties, overruled

said motion, holding that the sheriff's return showing personal service upon the defendant was correct, and from this judgment defendant has appealed.

The sole question presented is whether the sheriff's return showing personal service on the defendant on June 8, 1912, is true or false. The summons and the return thereon are regular. The judgment is regular upon its face. The common-law rule as to the conclusiveness of an officer's return is not in force in this state, but a more liberal rule, to the effect that, while not conclusive, yet it is *prima facie* evidence of its truthfulness, and it requires strong and convincing proof to overcome it. *Ray v. Harrison*, 32 Okla. 175, 121 Pac. 633, Ann. Cas. 1914A, 413. This is a just and wholesome rule, for under it an officer by his return cannot make that which is false true. Where a judgment, regular upon its face, based upon an officer's return showing personal service, is sought to be vacated and set aside, public policy demands that it should not be overcome, except upon clear and convincing proof that the return is false. Especially is this true where, as in the instant case, the rights of presumably innocent third parties are involved. *Kavanagh et al. v. Hamilton*, 53 Colo. 157, 125 Pac. 512, Ann. Cas. 1914B, 76; *Manson v. Duncanson*, 166 U. S. 533, 17 Sup. Ct. 647, 41 L. Ed. 1105; *Ferguson v. Crawford*, 86 N. Y. 609; *Owens v. Ranstead*, 22 Ill. 161; *Davis v. Dresback*, 81 Ill. 395; *Connell v. Galligher*, 36 Neb. 749, 55 N. W. 229; *Wilson v. Shipman*, 34 Neb. 573, 52 N. W. 576, 33 Am. St. Rep. 660; *Murrer v. Security Co.*, 131 Ind. 35, 30 N. E. 879. The trial court, on a consideration of all the evidence for and against the motion, after seeing the witnesses and observing their demeanor, reached the conclusion that the sheriff's return was cor-

rect.. We are urged to disturb this finding on the theory that it is not reasonably supported by the evidence. The sheriff's return, showing service, is *prima facie* evidence of its truthfulness. The deputy sheriff, who served the summons according to the return, testified positively that he served the summons personally on the defendant, as stated in the return. The defendant testified that he was not served. The evidence discloses other circumstances, which, to some extent, support the defendant's statement; but, taking the testimony as a whole, we are satisfied that the evidence reasonably supports the finding of the trial court. This being true, it should not be disturbed, on appeal. *Conrath v. Johnston et al.,* 36 Okla. 425, 128 Pac. 1088; *Semple v. Baken,* 39 Okla. 563, 135 Pac. 1141; *Mullin v. Brown,* 40 Okla. 137, 137 Pac. 107; *Board of Com'rs Woodward County v. Thyfault,* 43 Okla. 82, 141 Pac. 409.

The judgment should be affirmed.

By the Court: It is so ordered.