## NEFF v. EDWARDS.

No. 14133—Opinion Filed March 25, 1924.

Rehearing Denied Oct. 14, 1924.

Leave to File Second Petition for Rehearing Denied Nov. 12, 1924.

(Syllabus.)

1. **Judgment—Return of Officer and Recital of Service—Evidence to Set Aside.**

"Sound public policy, the stability of solemn judgments of courts, and the security of litigants demand that neither the officer's sworn return nor the recital of service in the judgment based thereon shall be set aside or contradicted except upon the most clear, cogent, and convincing evidence."

2. **Same—Insufficient Evidence.**

Under the rule announced above the clear solemn recitals of the judgment roll will not be set aside and held for naught upon the uncorroborated parol testimony of the party against whom such judgment was rendered.

3. **Same—Default Judgment.**

Where default judgment has been rendered against a party, and such party at a subsequent term of court moved to set aside such judgment for the reason that summons had never been served upon him, the uncorroborated parol testimony of such movant is not sufficient to warrant the setting aside of such judgment, where the officer's return shows that personal service was had and where such fact is recited in the journal entry of judgment.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

From order setting aside judgment on motion of Josie Edwards (now Thomas), William Neff brings error. Reversed, with directions.

Rainey & Flynn, for plaintiff in error.

W. H. Brown, Foster V. Phipps, and Malcolm E. Rosser, for defendant in error.

HARRISON, J. This is an appeal from an order setting aside a default judgment rendered two years previous, and regular on its face, upon motion of the party in interest (defendant in error); the motion to set aside such judgment being supported by the uncorroborated parol testimony of defendant in error. The following statement from page 2 of brief of defendant in error is sufficient

to inform the court of the issues involved and proceedings had:

"This is an appeal from an order and judgment rendered by Honorable H. R. Christopher, judge of the superior court of Okmulgee county, Okla., on the 5th day of January, 1923, setting aside a default judgment rendered in this cause on the 7th day of January, 1921, for the reason that the defendant in error, Josie Edwards, had not been served with summons in the cause, had not entered her appearance therein, and the court had not acquired jurisdiction of her person. The appeal is also from an order of January 8, 1923, made by Judge Christopher overruling plaintiff in error's motion for a new trial upon the motion to vacate said judgment; from an order made by Honorable J. H. Swan, successor to Judge Christopher, on January 13, 1923, denying plaintiff in error's motion to set aside Judge Christopher's order of January 8, 1923, and to vacate the judgment of January 5, 1923; and from an order made February 1, 1923, overruling plaintiff in error's second motion to vacate the order of January 5, 1923, and to grant a rehearing upon the motion to set aside the original judgment in the cause. The net result of all the orders complained of is that the court found that Josie Edwards had not been served with summons, had not entered her appearance in the case, and that the court had not acquired jurisdiction of her person and therefore made an order setting aside the default judgment wrongfully rendered against her and, upon the hearing of the various subsequent motions filed by plaintiff in error, refused to grant a rehearing upon the motion to vacate, or to disturb the order vacating the original judgment."

The real pivot of the question is whether the judgment, regular on its face should be set aside upon motion of the party in interest supported by the uncorroborated parol testimony of such party that she had not been served with summons. The officer's return of summons is as follows:

"State of Oklahoma, Okmulgee County, ss.

"Received this writ October 9th, 1920, and as commanded therein, I summoned the following persons of the defendants within named at the time following, to wit: Josie Edwards, administratrix of the estate of James Edwards, deceased, Oct. 11th, 1920, Josie Edwards, Oct. 11th, 1920, by delivering to each of said defendants, personally, in said county, a true copy of the within summons, with all the indorsements thereon. And by leaving for each of said defendants at——usual place of residence of each in said county, a true copy of the within summons, with all the indorsements thereon, with a member of his family, over fifteen years of age.

"The following persons of the defendants within named not found in said county. * * *
"Henry Tucker, Sheriff.

"By Don R. Stormont, Deputy.
* * *

"Indorsed Original No. 900, Summons, William Neff et al., Plaintiff, v. Josie Edwards et al., Defendant. Filed in Superior Court, Okmulgee County, Oklahoma, at Henryetta, Oct. 13, 1920. Wm. Campbell, Court Clerk, By Hugh J. Connor, Deputy. Thos. J. Edwards, Attorney for Plaintiff."

The recitals in the journal entry of judgment in said cause, pertinent to the question here involved, are as follows:

"Now on this 7th day of January, 1921, this cause duly comes on for hearing and the plaintiffs appear in person and by their attorneys, and the defendants, Josie Edwards and Josie Edwards as administratrix of the estate of James Edwards, deceased, Beatrice Edwards, W. R. Crisp and Jack Ticer, each, being called three times in open court, appear not but wholly make default, although each of said defendants, as appears from the evidence, has been duly served with summons herein, and the defendant, E. D. Sweeney, appears by his attorney, and the defendants, Sallie Edwards and Isa Edwards, having been duly served with summons, appear by W. E. Foster, their duly appointed guardian ad litem, and the final report of James K. Cooper, receiver herein, is filed and approved by the court and it is ordered that said receiver be allowed the sum of $70 for his compensation and that said sum be taxed as a part of costs in the case, and motions of defendant Josie Edwards are stricken for want of prosecution and the court after hearing the evidence finds that all the allegations contained in the petition of the plaintiff are true, and, further finds that all the allegations contained in the cross-petition of the defendant E. D. Sweeney is entitled to judgment upon the mortgage and judgment set up in his cross-petition against the defendant Josie Edwards."

Thereupon the court made certain specific finding of facts and conclusions of law and rendered judgment against said Josie Edwards and in favor of plaintiffs, William Neff and L. E. Neff, plaintiffs in error here, and in favor of E. D. Sweeney, cross-petitioner in said cause No. 900. The foregoing judgment was rendered January 7, 1921, the effect of which judgment was to decree title to a certain tract of land belonging to Josie Edwards in plaintiffs in error here, subject to the satisfaction of the mortgage lien held by the aforesaid cross-petitioner, E. D. Sweeney.

On December 15, 1922, a valuable gas well having been brought in just to the south of said Josie Edwards' tract of land, and other parties having procured from Josie Edwards an oil and gas lease on said tract, she recalled that she had never been served with summons in the aforesaid cause No. 900, and

that the officer's return which recited that he had served same upon her as administratrix of her deceased husband's estate and upon her in person was not true, and thereupon filed her motion to vacate and set aside the judgment in said cause No. 900. And the court, upon her testimony that she had not been served with summons, sustained her motion and set aside said judgment.

The only question necessary to be decided here is whether such testimony was sufficient to warrant the court in setting aside a judgment in all things regular on its face. There were a number of witnesses used in the trial of her motion to set aside, but there was a sharp conflict of testimony on every issue in the case, many issues presented which had only a remote bearing upon the vital issue involvel viz.: whether or not she was actually served with summons as shown by the officer's return. She was the only witness who swore positively that she had not been served and the judgment roll itself was the only witness which bore positive testimony that she had been served.

There was no evidentiary circumstances nor physical facts which bore conclusive evidence that she had not been served; in fact, to our mind, there were circumstances which tended to disprove the truth of her testimony. But be that as it may, her parol testimony was not sufficient to meet the rule announced by this court in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, and McBride v. Cowen, 90 Okla. 130, 216 Pac. 104, as to the character of proof necessary to warrant a court in saying that the solemn recitals in the judgment roll are not the truth.

To relax the rule announced in the foregoing cases would be to open avenues of perjury and fraud too dangerous to the rights of people to permit to be opened.

While it is not our intention to narrow the grounds announced in McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739, nor those announced in Pettis v. Johnston, supra, for setting aside a judgment for fraud extraneous to the record, it is our opinion that the rules announced in Pettis v. Johnston and McBride v. Cowen, supra, as to the character of the evidence necessary to warrant such action should not be relaxed.

For the reasons given, the order of January 5, 1923, setting aside the judgment rendered in case No. 900, on January 7, 1921, and the order made January 8, 1923, overruling plaintiff in error's motion for new trial upon the motion to vacate said judgment, and the order made January 13, 1923, denying plaintiff in error's motion to set aside said order of January 8, 1923, and the order made February 1, 1923, overruling plaintiff's second motion to vacate the order of January 5, 1923, and each reversed, with directions to the lower court to vacate and set aside each of said orders.

Reversed, with directions.

JOHNSON, C. J., and NICHOLSON, MASON, and WARREN, JJ., concur.