## PRUNER v. McKEE.

No. 17572. Opinion Filed Aug. 2, 1927.

(Syllabus.)

**Judgment—Vacation of Judgment Procured by Fraud—Burden of Proof—Insufficient Evidence.**

Orders and judgments procured by fraud are voidable, but the person who attacks the same on such grounds has the burden of establishing the same by competent evidence, and where the evidence fails to establish the same, the petition or motion to vacate such judgment is properly denied.

Error from District Court, Cotton County; E. L. Richardson, Judge.

Proceeding by Louie Beard Pruner to vacate a judgment obtained against her by W. A. McKee. From a judgment of the trial court refusing to vacate the same, she appeals. Affirmed.

Marion J. Northcutt, for plaintiff in error.

Amil H. Japp and Fred Ptak, for defendant in error.

MASON, V. C. J. The defendant in error commenced this action in the district court of Cotton county, Okla., against the plaintiff in error, Louie Beard Pruner, and others to recover a judgment on a promissory note executed by them and to foreclose a real estate mortgage given to secure the same.

Thereafter, and on the 20th day of June, 1923, written waivers of the issuance and service of summons and entry of appearance signed by Louie Beard Pruner and the other defendants were filed, which were as follows:

"Comes now the defendant, Louie Beard Pruner, above named and waives the issu-

ance and service of summons in the above-entitled cause and hereby enters appearance in said case and consents that the same may be set down for trial at any time.

"(Signed) Louie Beard Pruner, Defendant."

Thereafter, on the 5th day of April, 1924, the case came on for trial, and the court found the allegations of the plaintiff's petition to be true, and rendered judgment against the defendants for the amount due and for foreclosure of the mortgage.

On October 23, 1924, Louie Beard Pruner filed her petition and motion to vacate said judgment against her on the grounds that the waiver of summons signed and acknowledged by her had been obtained by the plaintiff, McKee, by fraud, in that he had agreed that he would not ask for a personal judgment against her if she would execute said waiver. She also alleged that he agreed to notify her before taking any judgment against her. It was also alleged that she had a valid defense, in that she had not been given credit for a certain payment of $75 which she had made. McKee filed answer to said petition.

After a hearing on the issues thus found, the trial court refused to vacate said judgment, and Louie Beard Pruner appeals.

For reversal, the plaintiff in error urges: First, that the order and judgment is not sustained by sufficient evidence and is contrary to law. Second, that the court erred in rendering judgment for the defendant in error.

The rule is well established that orders and judgments procured by fraud are voidable, but the one who attacks the validity of a judgment because of fraud has the burden of establishing the same by competent evidence.

In the case at bar, the plaintiff in error was the only witness to testify, and no part of her evidence even tends to support her allegations that the plaintiff, McKee, had agreed not to take a deficiency judgment against her. She testified that she could read and write; that the waiver of summons was left with her by the plaintiff and that she had it in her possession for about two weeks before she signed it; that neither the plaintiff nor his attorney was present when it was signed. She also testified that she signed the waiver without any undue influence or coercion. She did testify, however, that McKee agreed to notify her before taking judgment in the case and that another

lady was present when this statement was made. The other lady was not produced as a witness and such failure was not explained.

In the written waiver she consented that the cause might be set down for trial at any time.

Section 242, C. O. S. 1921, provides for the voluntary appearance of a defendant, and the same is equivalent to service of summons by an officer. Although the return of service of summons by an officer is not conclusive, yet it is prima facie evidence of its truthfulness and requires strong and convincing proof to overcome it. Ray v. Harrison, 32 Okla. 17, 121 Pac. 633; Jones v. Jones, 57 Okla. 442, 154 Pac. 1136.

Where a judgment has been rendered against a party who has filed a written waiver of the issuance and service of summons and, entry of appearance as was done in the instant case, it should not be vacated on the grounds relied on herein unless the evidence is strong and convincing.

The plaintiff in error herein makes the broad statement in her brief that the judgment of the trial court is not sustained by the evidence, but nowhere in her brief does she point out any evidence supporting this statement. In fact, she seems to take the view that the burden was on the defendant in error to refute the allegations of her petition to vacate. The burden was on her to show that the defendant in error practiced fraud upon her, as alleged, at the time she signed said waiver. In this, she utterly failed. We must conclude that the judgment of the trial court is correct, and the same is, therefore, affirmed.

BRANSON, C. J., and HARRISON, PHELPS. LESTER, HUNT. CLARK. RILEY, and HEFNER. JJ., concur.

Note.—See 34 C. J. p. 278 §496: p 358, §573; 15 R. C. L. p. 704: 4 R. C. L Supp. p. 1017: 5 R. C. L. Supp. p. 847; 6 R C. L. Supp. p. 928.