### BATES et al. v. GOODE.

No. 19060.    Opinion Filed July 2, 1929.

Rehearing Denied Oct. 29, 1929.

M. L. Hankins and Bailey & Hammerly, for plaintiffs in error.

Goode, Dierker & Goode and Kittie C. Sturdevant, for defendant in error.

HERR, C.    On the 8th day of August, 1924, Mark Goode obtained a judgment in the superior court of Pottawatomie county against C. L. and Faye Bates for the sum of $150, interest, costs and attorney's fee, and for foreclosure of a real estate mortgage. The mortgage was a second mortgage. The premises were sold under the decree and the plaintiff became the purchaser thereat. The sale was thereafter duly confirmed by the court.

On April 22, 1927, defendants filed their motion to vacate the judgment, alleging that no service was ever had upon them. The trial court denied the motion. Defendants appeal.

The sheriff's return of service discloses that both defendants were served with the summons. The return recites:

"I received this summons on the 4th day of December, 1923, and executed the same in my county by delivering a true copy of the within summons with all the indorsements thereon to Faye Bates in person on the 8th day of December, 1923, and C. L. Bates by leaving a true copy with Mrs. Faye Bates, his wife, above the age of 15 years and a member of his family at his usual place of residence on the 8th day of December, 1923."

The defendants challenge the truthfulness of this return. Their contention is that the summons was served on the wrong person; that the person to whom the copy of the summons was delivered was not defendant Faye Bates, and that the place at which the copy was left for delivery to defendant C. L. Bates was not the place of resident of these defendants, but was, in fact, the p'ace of residence of some other person. These facts, defendants sought to prove by the testimony of the officer who served the process and made return. This evidence was by the trial court excluded, and that ruling is assigned as error by defendants.

We think the trial court ruled correctly.

An officer serving process and making return thereof, upon which service and return a judgment is based, will not be permitted by his evidence to contradict and impeach his return. We think this rule is definitely established in this state by the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, and we, therefore, refrain from a further discussion thereof. We may say, however, that this rule finds support in the following cases: Duncan v. Gerdine, 59 Miss. 550; Pratt v. Phillips (Tenn.) 60 A. D. 162; Planters Bank v. Walker, 3 S. & M. (Miss.) 409.

It is next contended that the judgment of the trial court is contrary to the uncontradicted evidence in the case. This contention cannot be sustained. The only evidence offered by defendants is the testimony of defendant Faye Bates that she was not served with summons and that no copy thereof was left with her for delivery to her codefendant, C. L. Bates, and the testimony of defendant C. L. Bates that Mrs. Bates did not deliver him a copy thereof. There are no circumstances or physical facts tending to corroborate defendants.

The sheriff's return recites service. The judgment recites that the defendants were duly served with summons. These solemn recitals will not be set aside upon the uncorroborated testimony of defendants denying service.

In the case of Neff v. Edwards, 107 Okla. 101, 230 Pac. 234, it is said:

"Where default judgment has been rendered against a party, and such party at a subsequent term of court moved to set aside such judgment for the reason that summons had never been served upon him, the uncorroborated parol testimony of such movant is not sufficient to warrant the setting aside of such judgment, where the officer's return shows that personal service was had and where such fact is recited in the journal entry of judgment."

In the case of Pettis v. Johnston, supra, the court, in the body of the opinion at page 288, says:

"Sound public policy, the stability of solemn judgments of courts, and the security of litigants demand that neither the officer's sworn return nor the recital of service in the judgment based thereon shall be set aside or contradicted except upon the most satisfactory evidence. The evidence must be clear, cogent, and convincing, and, as said in Kochman v. O'Neill (Ill.) 66 N. E. 1047. 'Every presumption in favor of the return is indulged, and it will not be set aside upon the uncorroborated testimony of

the party upon whom service purports to have been made.' Nor can the officer making the return upon which the judgment was rendered contradict it. Duncan v. Gerdine, 59 Miss. 550. As said in Randall v. Collins, 58 Tex. 231. 'It is not like an ordinary issue of fact, to be determined by a mere preponderance of testimony.'"

There is other evidence in the record tending to support the contention of plaintiff that the defendants were duly served with summons. We are of the opinion that the court properly denied the motion to vacate.

Judgment should be affirmed.

FOSTER, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Judgments," 34 C. J. §675, p. 426, n. 49.