## CANARD v. RYAN.

No. 25434.   May 21, 1935.

W. W. Pryor and Hugh M. Sandlin, for plaintiff in error.

Anglin & Stevenson and Vernon Roberts, for defendant in error.

PER CURIAM. On the 17th day of June, 1930, defendant in error, Thomas Ryan, commenced an action in the district court of Hughes county, Okla., against the plaintiff in error, Lula Canard, and her husband, Felix P. Canard, to foreclose a mortgage upon certain property owned by the said Lula Canard and Felix Canard. Summons was regularly issued in said cause. The sheriff of Hughes county made a return on said summons in which he stated and recited that the summons was received by him on the 17th day of June, 1930, and that he executed the same by delivering a true copy of such summons to Felix P. Canard and Lula Canard in person, and that such delivery and service was made on the 20th day of June, 1930. The record then shows that Hamilton & Hamilton, a firm of lawyers practicing at Wetumka, Okla., filed in said cause an answer and cross-petition on behalf of the defendant Felix P. Canard and answer and cross-petition on behalf of the defendants Felix P. Canard and Lula Canard; that on the 17th day of December, 1930, the court entered judgment in said cause and in said journal entry of judgment recited that the defendants therein, Felix P. Canard and Lula Canard, appeared in person and by their attorneys, Hamilton & Hamilton. The court then entered judgment in favor of the plaintiff in the sum of $4,198.88, with interest from the date of judgment, for attorneys' fees and costs, and further entered judgment foreclosing the plaintiff's mortgage upon the property described in plaintiff's petition. Sheriff's sale was had and the sale duly confirmed by the court on the 17th day of October, 1932. It appears from the record that the defendant Felix P. Canard died at some stage of the proceeding; the exact date of his death is not material.

On June 9, 1933, Lula Canard filed a petition in the district court of Hughes county to vacate the judgment entered on the 17th day of December, 1930. The petition to vacate alleged in substance as follows: That the said Lula Canard was never served with summons in the cause, and that she never at any time had any knowledge of the pendency of the suit against her until after the matter had gone to judgment; that she at no time authorized any attorney to appear for her in said cause, and that she was the sole owner of the land described in the petition in said foreclosure suit: that she has a good and sufficient defense to the petition filed in said cause, and attached to her petition to vacate the judgment an answer, in which she alleges among other things that she never signed the note upon which judgment was rendered in said cause, but that her signature on said note was a forgery, and she then reiterated the allegations contained in said petition to vacate, to which answer was attached.

Thomas Ryan, plaintiff in the foreclosure suit, filed his answer to the petition to vacate, which answer was in substance as follows: A denial of the allegations contained in the petition to vacate; that summons in

said foreclosure suit was duly issued and that the defendants in said cause, Lula Canard and Felix P. Canard, were both personally served with said summons as shown by the return of the summons filed in said cause; that the defendants were represented at the trial of said cause by the firm of Hamilton & Hamilton, and it is alleged that Hamilton & Hamilton had full authority to represent said defendants.

With the issues thus drawn, the trial court, after a hearing, denied and overruled the petition to vacate the judgment rendered on the 17th day of December, 1930, from which ruling this appeal was taken.

The plaintiff in error in her brief argues all of the assignments of error under the one proposition that the judgment of the trial court in overruling her petition to vacate the judgment is contrary to the law and not supported by the evidence. Under this general proposition, three main points are presented and argued. They are as follows:

"(1) That Lula Canard was never served with summons and therefore the judgment was void.

"(2) That she never signed the note and mortgage involved in the foreclosure suit, and that the signature appearing upon the note and mortgage, purporting to be her signature, is a forgery.

"(3) That the firm of Hamilton & Hamilton at no time had authority to appear for her as her attorneys in said cause."

We shall discuss these points in the order as above given.

The sheriff's return attached to the summons in this case is as follows:

"I received this summons on the 17th day of June, 1930, at—— o'clock, —m, and executed the same in my county by delivering a true copy of above summons with all of the indorsements thereon to Felix P. Canard and Lula Canard in person June 20, 1930. The following persons, defendants within named, not found in my county. * * *

"B. R. Templeman, Sheriff
"By Bill Long, Deputy."

The petitioner below, plaintiff in error here, undertook to impeach the return of the officer by testifying that she was at no time served with summons in the case. The record further discloses that plaintiff in error was wholly uncorroborated in this testimony. It is contended by the defendant in error that since the return recites service, the plaintiff in error cannot impeach the return by her uncorroborated testimony to the effect that she was not served. This question has been before this court many times. This court has consistently held in a number of cases that the return of an officer reciting personal service cannot be contradicted or impeached by the uncorroborated parol testimony of the party shown to have been served. In the case of Pettis v. Johnston, 78 Okla. 277, 190 P. 681, the court says in the body of the opinion:

"Sound public policy, the stability of solemn judgments of courts, and the security of litigants, demand that neither the officer's sworn return nor the recital of service in the judgment based thereon, shall be set aside or contradicted except upon the most satisfactory evidence. The evidence must be clear, cogent and convincing, and, as said in Kochman v. O'Neill, 202 Ill. 110, 66 N. E. 1047, 'Every presumption in favor of the return is indulged, and it will not be set aside upon the uncorroborated testimony of the party upon whom service purports to have been made.' Nor can the officer making the return upon which the judgment was rendered contradict it. Duncan v. Gerdine, 59 Miss. 550. As said in Randall v. Collins, 58 Tex. 231, 'It is not like an ordinary issue of fact, to be determined by a mere preponderance of testimony.' See, also, Quarles v. Hiern, 70 Miss. 891, 14 South. 23; Hunt v. Childress, 5 Lea. (Tenn.) 247; U. S. v. Gayle (D. C.) 45 Fed. 107; Driver v. Cobb, 1 Tenn. Ch. 490; Ray v. Harrison, 32 Okla. 17, 121 P. 633, Ann. Cas. 1914A, 443; Jones v. Jones, 57 Okla. 442, 154 P. 1136; also annotations in 124 Am. St. Rep., beginning on page 770. See, also, Kempner v. Jordan, 7 Tex. Civ. App. 275, 26 S. W. 870, and Becker v. Becker (Tex. Civ. App.) 218 S. W. 542, holding the testimony of the officer must be met by the oath of two witnesses or of at least one with strong corroborating circumstances."

This court had before it the identical question presented in the case at bar in the case of Bates et al. v. Goode, 139 Okla. 141, 281 P. 558. In the body of the opinion in that case, the following language was used by this court, to wit:

"It is next contended that the judgment of the trial court is contrary to the uncontradicted evidence in the case. This contention cannot be sustained. The only evidence offered by defendants is the testimony of defendant Faye Bates that she was not served with summons, and that no copy thereof was left with her for delivery to her codefendant, C. L. Bates; and the testimony of defendant C. L. Bates that Mrs. Bates did not deliver him a copy thereof. There are no circumstances or physical facts tending to corroborate defendants.

"The sheriff's return recites service. The judgment recites that the defendants were

duly served with summons. These solemn recitals will not be set aside upon the uncorroborated testimony of defendants denying service.

"In the case of Neff v. Edwards, 107 Okla. 101, 230 P. 234, it is said: 'Where default judgment has been rendered against a party and such party at a subsequent term of court moved to set aside such judgment for the reason that summons had never been served upon him, the uncorroborated parol testimony of such movant is not sufficient to warrant the setting aside of such judgment, where the officer's return shows that personal service was had and where such fact is recited in the journal entry of judgment'."

Since the record discloses there is no evidence which corroborates the testimony of Lula Canard that she was not served with summons, we hold that her testimony to such effect is not sufficient to impeach or contradict the recitation in the return on the summons to the effect that she was served personally with summons.

Counsel for plaintiff in error in their reply brief undertake to distinguish the case at bar from the case of Neff v. Edwards, supra, by observing that in the case at bar the judgment does not contain a recital of the fact that service was had upon the petitioner. We are unable to agree with counsel that this fact distinguishes the Neff Case from the case at bar. We believe that this point made by counsel undertakes to make a distinction which does not exist, for it is said in the case of Pettis v. Johnston, supra:

"* * * That neither the officer's sworn return nor the recital of service in the judgment based thereon shall be set aside or contradicted except upon the most satisfactory evidence."

It will therefore be seen from this quotation taken from the case of Pettis v. Johnston that neither the return of the officer nor the recital of service in the judgment can be impeached as it is sought to be done in this case.

Counsel in their reply brief also take the position that in the case of Neff v. Edwards, supra, the officer who served the process testified in the case to the fact that he had served the summons. Counsel assert that this fact distinguishes the case of Neff v. Edwards from the case at bar. We do not agree with this contention. In the case at bar, the officer was not called as a witness, but, under the holdings of this court, if he had been called as a witness, he would not

have been permitted to impeach his return.

It is pointed out by counsel in their reply brief that in the case of Neff v. Edwards, supra, the court, in the syllabus thereof, referred to a sworn return, and we understand counsel to take the position that the instant case is to be distinguished from that case because the return in the Neff Case was sworn to by the officer making it. We believe this point is without merit. An examination of the return made by the officer in the Neff Case, which is set out in the opinion thereof, shows that such return was not sworn to by the officer. Section 171, O. S. 1931, provides as follows:

"The summons shall be served by the officer to whom it is directed, who shall indorse on the original writ the time and manner of service. It may also be served by any responsible citizen of the county not a party to or interested in the action, appointed by the officer to whom the summons is directed or by the court in which the action is brought. The authority of such person shall be indorsed on the writ, and the return of service made by any person so appointed or of any service made out of the state, shall be verified by oath or affirmation of the person making the service. * * *"

It will be observed that this statute does not require the return of an officer upon a summons to be verified or sworn to, where the service is made within the state by the officer to whom it is directed.

The expression "sworn return," as used in the case of Neff v. Edwards, supra, and Pettis v. Johnston, supra, means a return made by an officer who has sworn in accordance with law to perform his duties. We therefore hold that the return in this case was a sworn return as that term is used in the above cases. The term "sworn return" also has application to a return sworn to by a person designated by the officer to make such service, or where the return is sworn to when such service is made out of the state, all as provided by section 171, O. S. 1931.

It is next contended by the plaintiff in error that she did not sign the note and mortgage involved. Since we hold that she did not introduce sufficient proof to contradict or impeach the officer's return, which showed that she was personally served, we feel there is no necessity of discussing this contention, for if she was personally served with summons in this cause and did not plead that said note and mortgage were forgeries, she cannot be heard to make

such a contention upon her petition to vacate the judgment. In passing, however, we will state that we have carefully examined the record upon this question, and find there is ample proof to sustain the trial court's finding that Lula Canard did actually sign the instruments which she contends were forgeries.

It is further contended by plaintiff in error that the firm of Hamilton & Hamilton, attorneys, had no authority to make an appearance for her. Since we hold that she was personally served with summons in this case, and that she has not successfully impeached or contradicted the return showing service, we feel there is no necessity of passing upon this question.

For the reasons assigned above, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Robert D. Hudson, Joseph L. Hull, and Elton B. Hunt in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hudson and approved by Mr. Hull and Mr. Hunt, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur.