HARLOW PUBLISHING CO. v. CAMPBELL.

No. 30998.   Jan. 18, 1944.

Rehearing Denied Feb. 29, 1944.

*146 P. 2d 129.*

Paul D. Busby, of Lawton, for plaintiff in error.

Bliss Kelly, of Oklahoma City, for defendant in error.

PER CURIAM. This action was commenced by Grace F. Campbell to vacate and set aside and enjoin the enforcement of an allegedly void judgment of the justice of the peace court. Judgment was for the plaintiff, and the defendant, Harlow Publishing Company, appeals.

The defendant recovered a judgment in the justice of the peace court on the 10th day of July, 1930, before Carl Traub, a justice of the peace of Oklahoma city district. On or about the 14th day of January, 1936, a transcript of the judgment was filed in the district court of Oklahoma county under docket No. 89012. On October 22, 1941, the plaintiff and defendant appeared in a proceeding before the district judge in which defendant sought to have the plaintiff disclose any assets subject to application on the judgment of the justice of the peace court. On the 3rd day of November, 1941, plaintiff commenced this proceeding seeking to vacate and set aside said judgment and enjoin the enforcement thereof. The record discloses that the summons in the justice of the peace court was served on the plaintiff in person on July 2, 1930, by U. S. Grant, constable. Plaintiff testified that she was not in Oklahoma City or in Oklahoma county on said date, but was in the northeastern part of the state, and that she returned to Oklahoma county on the 3rd day of July, 1930. Two witnesses corroborated her testimony as to her being absent from Oklahoma county on July 2, 1930.

The defendant has presented two propositions as grounds for reversal.

We are cited Canard v. Ryan, 172 Okla. 339, 45 P. 2d 122, and Neff v. Edwards, 107 Okla. 101, 230 P. 234, in support of the first proposition, that the trial court erred in setting aside the judgment for the reason that there was not sufficient evidence authorizing its vacation. These two cases hold that the judgment of a court of record should not be set aside for failure to serve a defendant with process on the uncorroborated testimony of a defendant. The plaintiff was not uncorroborated. Two witnesses testified that she was not in Oklahoma county on the date service was purported to have been made.

Under the rule that a justice court is one of special and limited jurisdiction, it has been held that a justice of the peace court judgment may be attacked on the ground that the defendant was not served at all, and that the return of the constable showing service was false. Ray v. Harrison, 32 Okla. 17, 121 P. 633; Ann. Cas. 1914A, 413; 31 Am. Jur. 747, § 71.

There is sufficient evidence to sustain the finding of the trial court that there was no service of process in the justice of peace court on the plaintiff here, the defendant there.

In its second proposition defendant contends that the plaintiff filed a response in the district court and in the third paragraph of said response in the proceeding in aid of execution alleged other than jurisdictional grounds, and that plaintiff having filed such a plea based upon nonjurisdictional grounds, the same constitutes a general appearance. These allegations are mere conclusions. We have examined the third paragraph of the response filed in the proceeding which was issued by the defendant in aid of execution and find that the only allegation therein is that the judgment rendered in the justice of peace court is void because fraud was practiced in the procurement of the same by taking a default judgment on the unauthorized warrant of an attorney. There is nothing pointed out otherwise that constitutes an appear-

ance by the plaintiff. If there are other allegations which in the opinion of the defendant constitute an appearance, they are not brought to our attention.

Affirmed.

GIBSON, V. C. J., and RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, C. J., and OSBORN and WELCH, JJ., absent.