Robert R. WILSON, Plaintiff in Error,

v.

Samuel L. UPTON, Defendant in Error.

No. 39168.

Supreme Court of Oklahoma.

July 17, 1962.

John B. Baumert, McAlester, for plain-tiff in error.

A. James Gordon, McAlester, for defendant in error.

HALLEY, Justice.

Robert R. Wilson brought suit against Samuel L. Upton to recover damages sustained as a result of an automobile accident. The parties will be referred to as they appeared in the trial court. The suit was filed in the District Court of Pittsburg County on February 22, 1960. The return of service of the summons stated that a copy thereof was served upon the defendant on February 23, 1960, by leaving a copy at the defendant's usual place of residence in Quinton, Oklahoma, with his mother, a member of his family over fifteen years of age.

The defendant filed a motion to quash the service of summons, and filed his personal affidavit (dated February 29, 1960) in support of the motion. His affidavit recited that on the date the summons was left with his mother at her home in Quinton he was not in Quinton, Oklahoma, but was in Henryetta, Oklahoma, where he was employed by Eagle Picher Company; that for about six months he has rented an apartment and lived at 215½ West Main Street in Henryetta; that usually over the weekend he went to Quinton to visit his mother and father and friends; that he considered his place of residence to be in Henryetta at the stated address; that his mother did receive a copy of the summons; that the residence of his mother and father was not his home or usual place of residence.

Plaintiff filed four counter-affidavits. One witness by counter-affidavit said:

"He (defendant) has always called Quinton, Oklahoma, his home and residence. He stays with his mother and dad at Quinton, Oklahoma. He usually stays in Henryetta on his working days and at home in Quinton on his days off."

Another witness by counter-affidavit said:

"He (defendant) has always lived with his mother and father at Quinton, Oklahoma, and has worked in

Henryetta, Oklahoma, at the smelter. During all the time I have known him, which included the date February 23, 1960, and both before and after that date, he has maintained his residence with his mother and father at Quinton, Oklahoma."

The deputy sheriff who made the service of summons said by counter-affidavit:

"Service was made on Samuel L. Upton at Quinton, Oklahoma, after I inquired and found his usual place of residence to be at home with his mother and father. At the time of service on his mother, I asked her if this was his home and if he would be in and she said 'yes'."

The other counter-affidavit included a true and correct extract of testimony given by defendant at a trial of another case on May 11, 1959, as follows:

"Q. Will you state your name, please, sir?

"A. S. L. Upton.

"Q. Where do you live, Mr. Upton?

"A. Quinton, Oklahoma.

"Q. How long have you lived there?

"A. Well, my folks moved up there at the end of the war.

"Q. Were you living there on March 8, 1958?

"A. Yes, sir.

"Q. At that time, what was your occupation?

"A. Worked at the smelter in Henryetta."

There was no other evidence. Based upon the evidence (affidavits) outlined above, the trial court sustained defendant's motion to quash.

■ This matter comes within the rule in Oklahoma that a sheriff's return on a summons showing service, while not conclusive, is prima facie evidence of its truthfulness, and strong and convincing proof is required to overcome it. A & A Tool & Supply Company v. Gray, 192 Okl. 657, 140 P.2d 926;

Jones v. Jones, 57 Okl. 442, 154 P. 1136. The same rule applies to the service of summons in a case where defendant is not personally served, but the summons was served by leaving a copy for defendant at his usual place of residence with a member of his family over fifteen years of age, as this is one of the means by which service of summons may be had. Rowe v. Rowe, 175 Okl. 271, 52 P.2d 869; 12 O.S.1961 § 159.

■ Another general rule is that the sheriff's recital of service cannot be contradicted or impeached by the uncorroborated testimony of the party shown to have been served. Canard v. Ryan, 172 Okl. 339, 45 P.2d 122; Neff v. Edwards, 107 Okl. 101, 230 P. 234; 72 C.J.S. Process § 102b. And, although the declarations of a party whose residence is in dispute may be considered in connection with other facts of the case as an index of his intention, they are ordinarily the poorest species of evidence. Youngblood v. Rector, 126 Okl. 210, 259 P. 579.

■ Based on the cases we have cited, the trial court was required to overrule defendant's motion to quash. Failure to do so was error. This is true because to overcome the sheriff's return, defendant had the burden of producing strong and convincing evidence that his mother's home was not his usual place of residence. Defendant's uncorroborated declarations concerning his residence were insufficient.

The judgment is reversed and the trial court is directed to overrule defendant's motion to quash.

BLACKBIRD, V. C. J., and WELCH, JOHNSON and BERRY, JJ., concur.

IRWIN, J., concurring specially.

WILLIAMS, C. J., and DAVISON and JACKSON, JJ., dissent.

IRWIN, Justice (concurring specially).

Although the defendant may have intended to acquire a residence in Henryetta,

Oklahoma, after the service of summons was had, in my judgment the defendant does not deny in his affidavit that his residence at the time of the service of summons, was not the same as that of his mother and father.

The service of summons was had on February 23, 1960, and defendant's affidavit was made February 29, 1960. Defendant states in his affidavit that "I consider my place of residence to be in Henryetta, Oklahoma, * * *". In the following sentence he states that "the residence of my mother and father *is not now* my home or my usual place of residence". (Emphasis added.)

In my judgment the affidavit relates to the date it was made and does not relate to the date when service was had.

DAVISON, Justice (dissenting).

I am unable to agree with the majority opinion. I am of the opinion that the judgment of the trial court is reasonably supported by the evidence.

We have held that the testimony of the officer serving the summons must be met by the oath of two witnesses, or at least one with strong corroborating circumstances. Pettis v. Johnston, 78 Okl. 277, 190 P. 681, 692, and Canard v. Ryan, 172 Okl. 339, 45 P.2d 122.

Two of plaintiff's counter-affidavits substantially corroborate that defendant worked in a smelter in Henryetta for 10 years and lived there during the working days of the week; spent the weekends in Quinton to see his parents and friends; and for 6 months prior to service of summons rented and lived in an apartment in Henryetta, Oklahoma.

Also to constitute a person a "member" of a "family" in the present situation, there must be permanent and continuous residence together in the same domestic establishment. 42 Am.Jur., Process, p. 52, Sec. 63. See also Jackson v. Smith, 83 Okl. 64, 200 P. 542.

I, therefore, respectfully dissent.