Loomis Benton FERGUSON, Tom Bruce Ferguson and Ruth Ferguson Deal, Plaintiffs in Error,

v.

John Joseph HILBORN, Defendant in Error.

No. 40671.

Supreme Court of Oklahoma.

May 25, 1965.

Bradford & Weaver, Tulsa, for plaintiffs in error.

Clyde E. Robinson and Tom Morgan, Watonga, for defendant in error.

BERRY, Justice.

The questions presented by this appeal evolved from the following transactions:

On August 6, 1929, Susan F. Hilborn and J. C. Hilborn, wife and husband, executed a mineral deed to John Joseph Hilborn, conveying to the grantee the entire mineral interest in real property described as:

"The West half (½) of the Northwest Quarter (¼) and the West half (½) of the Southwest quarter (¼) of Section 11, Township 17N, Range 14W, containing 160 acres more or less * * *" in Dewey County, Oklahoma.

This deed was filed for record on November 3, 1930, and returned to the grantee at Oakwood, Oklahoma.

On April 14, 1930, Susan F. and J. C. Hilborn executed a mortgage upon the property as security for a loan of $1,100.00 evidenced by interest-bearing coupon notes, from Elva U. Ferguson, such mortgage being recorded April 18, 1930, and the mortgage tax being paid thereon.

On May 15, 1932, Susan F. Hilborn, a widow, executed a warranty deed to John Joseph Hilborn, conveying a portion of this land to grantee, $2,500.00 being the recited consideration. This deed was filed for record July 7, 1932. The recorded instrument, which was returned to grantee in Oakwood, Oklahoma, conveyed the following real property:

"West half of the Northwest Quarter (W½) of the northwest quarter (N W¼) and the west half of the southwest quarter (W½ SW¼) of Section eleven (11) in township Seventeen (17), north, range fourteen (14) west of the Indian Meridian Dewey County, Oklahoma."

Mortgagors defaulted in payment of the obligation, and on July 11, 1935, the mortgagee filed suit to recover the accrued amount of the indebtedness ($1,387.46) with interest, costs and attorney's fees, foreclosure of the mortgage and other equitable relief proper under the circumstances. The action was dismissed as to J. C. Hilborn, who had died subsequent to execution of the mortgage but prior to suit, and without title to the property having vested in deceased. The petition named John Joseph Hilborn as a party defendant, and alleged this defendant " * * * has or claims some right, title, interest or lien in and to said real estate but whatever such right or claim may be, the same is junior, inferior and subject to the mortgage lien of the plaintiff."

On September 18, 1935, the district court heard the matter and found defendants had been personally served with summons. The court found and approved service in all respects, and that defendants neither had pleaded nor appeared. Judgment was entered for plaintiff in accordance with the petition, the mortgage was ordered foreclosed and the rights of defendants or anyone claiming through them ordered barred and foreclosed. Order of sale issued regularly and in due course the Sheriff's sale was held, the property was sold for $1,205.77 and the title vested in Elva U. Ferguson by such sale thereafter was confirmed by the district court.

On March 26, 1962, plaintiffs filed suit to quiet title to the land involved, alleging absolute ownership and actual, open, continuous adverse possession by plaintiffs and their predecessors in title for more than 15 years, thereby establishing a prescriptive title; that plaintiffs were owners of the entire mineral rights in the land as tenants in common, and plaintiff Tolbert, who is not a party to this appeal, was owner of the surface only; defendants claimed some right, title or interest in the property adverse to plaintiffs, thereby constituting a

cloud on plaintiffs' title although defendants' claims were without foundation and barred by the Statute of Limitations. Plaintiffs sought judgment quieting and confirming their title. Service by publication was had upon all defendants except Hilborn, as to whom praecipe was dated July 5, 1962, the summons being returnable July 10th, requiring defendant to answer July 30, 1962. Personal service was made July 9, 1962, upon defendant.

Defendant answered denying plaintiffs' claim of ownership and adverse possession under color and claim of title. By cross-petition defendant alleged ownership and possession of the mineral interest, under the deed from the parents mentioned above, for more than 15 years prior to filing the petition. Further, that summons in the purported foreclosure action in 1935 allegedly issued July 12, 1935, and purportedly was served upon defendant on July 13, 1935, by leaving a copy at his usual place of residence with a person over 15 years of age; that defendant was not within the State at that time, and was not a member of the family of Susan Hilborn but actually resided on another farm and was away from home much of the time and knew nothing of the purported service of summons; that the judgment in the attempted foreclosure was void upon its face for failure to state a cause of action against defendant, since the public records showed defendant's mineral ownership; because defendant had paramount title to the minerals and plaintiffs had no rights therein, defendant prayed that his title be quieted against plaintiffs or any person claiming by or through them. The cross-petition was supported by affidavits supporting defendant's residence and absence from the State during the 1935 foreclosure proceedings. Other matters raised by the cross-petition need not be considered.

By reply to the cross-petition, plaintiffs admitted the fact of the mineral deed but alleged that subsequent to execution thereof defendant also became holder of fee simple title to the property subject to the mortgage; this latter deed consolidated title to the entire estate in defendant; upon securing possession under the Sheriff's deed Ferguson went into possession claiming the entire estate and became owner of the entire fee by continuous adverse possession. By amendment to this reply plaintiffs raised the issue of defendant's laches by reason of failure to assert his rights in the face of knowledge as to plaintiffs' adverse holding and claim of title.

Upon trial it was plaintiffs' position that the praecipe in the 1935 foreclosure was regular, but by mistake or inadvertence the court clerk issued summons which allowed 12 days for service and only 19 days (July 24–August 12) for defendant to answer. And, under the foreclosure judgment based thereon, plaintiffs' predecessors in title went into possession of the property, and the present action was brought only because of apparent defects in the original action.

In defense to the action, defendant's position was that the foreclosure judgment of 1935 was null and void because: (1) based upon substitute service upon his mother as as a member of the family, on a date when defendant was not living in the mother's home as a member of the family, and at a time when defendant was not in the State; (2) defendant owned the mineral interest under a deed which was prior to the mortgage acquired by plaintiffs' predecessor in title, and the mortgage upon which the foreclosure was based was taken in the interim between defendant's acquisition of minerals and the separate conveyance by which he acquired the surface, and defendant owned both the separate and distinct interests; (3) there was no merger of title between the prior mineral interest and the separate conveyance of the surface after the mortgage. Other matters urged in defense to the action do not require discussion by reason of the conclusion which we reach. Upon trial it was stipulated defendant had not been in possession since issuance of the Sheriff's deed following the 1935 foreclosure, and defendant made no claim to the surface of the land involved.

Plaintiffs then introduced testimony of the county clerk who identified the deed registration records and testified the mineral deed to defendant was received and recorded November 3, 1930, and returned to defendant at Oakwood, Oklahoma. The warranty deed to defendant was received and filed July 7, 1932, and likewise was returned to defendant at such post-office address. The witness also testified the Hilborn mortgage was received and filed April 18, 1930. Cross-examination and further redirect testimony of this witness was that an instrument might be tendered for filing, but same would not be entered upon the reception record unless accompanied by the required filing fee.

The remainder of plaintiffs' evidence was presented by introduction of the files in Case No. 3194, same being the record of the 1935 foreclosure action wherein Susan F. Hilborn, J. C. Hilborn, her husband, and John Joseph Hilborn were defendants.

Defendant testified he owned no real property except one acre east of Oakwood on Highway 270, but did own the mineral interest in the old farm under a mineral deed dated August 6, 1929. After that date, and while living on a rented farm separate and apart from his parents, they advised defendant of having placed a mortgage on the farm. On July 13, 1935, defendant was in the State of Kansas to fill an appointment with a broker, and did not return home until about July 25 or 26, after which he learned the foreclosure action had been filed. After receipt of the mineral deed defendant mailed same to the clerk and asked that it be held until he returned from a trip to New Mexico. Upon his return he requested and received the deed by mail. Between the time defendant received the mineral deed and the deed to part of the surface he learned his parents had executed the mortgage upon the property but did not consider the portion of the surface conveyed by the latter deed would merge with the mineral interest previously acquired; these were separate interests in the property and defendant did not consider

the foreclosure action affected anything except the surface. Defendant lived alone on the rented farm from April, 1930, until about September, 1935, when he bought a home in Oakwood and resided there with his mother. Testimony on cross-examination also established defendant's having been in Kansas in July, 1935, on business.

A witness (Ford) for defendant testified that he was a livestock dealer and on July 13, 1935, had gone to the Thomas farm to buy cattle from defendant but found him gone, but returned to the farm the last of July and bought defendant's cattle. The Thomas farm where defendant lived was slightly north and west of the Hilborn farm involved herein. This witness had made affidavit concerning the matters as to which he testified, which was attached to defendant's cross-petition. A further affidavit of one (Rhodes) formerly a resident of Dewey County but living in the State of Idaho at the time of trial, was corroborative of matters relating to defendant's maintenance of a separate residence on the Thomas farm in 1935, while his mother lived alone on the home place, and of his absence from his home in July, 1935.

The trial court found the summons purportedly served upon defendant on July 13, 1935, was fatally defective, void and invalid because defendant was not given the statutory time within which to answer, and also because the attempted substitute service upon defendant's mother was void as they did not reside together in one establishment as a family; that title to the minerals conveyed to defendant did not merge with the surface rights conveyed by the last conveyance to defendant of the surface rights, for the reason the latter conveyance only covered surface rights to part of the land involved, and because of the intervening interest arising under the mortgage, it was not defendant's intention that merger take place. Judgment was entered quieting and confirming defendant's title to the mineral interest involved, while decreeing plaintiff to be the owner of the surface and quieting her interest thereto.

Plaintiffs urge two general contentions in seeking reversal of the trial court's judgment, the first of which asserts that the judgment is not sustained by the evidence and is contrary to law. As respects the argument concerning the presumed insufficiency of the evidence to sustain the judgment, the rule is that in an equity case this Court will examine the entire record, but the trial court's finding and judgment will not be reversed unless clearly against the weight of the evidence. Ruble v. Phillips Pet. Co., Okl., 385 P.2d 116; Looney v. Chastain, Okl., 395 P.2d 571; Phillips v. Phillips, Okl., 395 P.2d 803. Examination of the record herein discloses substantial, competent evidence to support the trial court's findings and judgment.

The second ground of argument under plaintiffs' first proposition urges that the defect in the summons issued for defendant in the 1935 foreclosure action was simply an irregularity and insufficient to make such summons invalid and void because not in conformity with the requirements of 12 O.S.1961, § 283. In support of such argument plaintiffs cite earlier decisions expressing the rule that a summons is not void but only irregular where the defect did not go to the trial court's jurisdiction over the defendant. Each of such cases is clearly distinguishable from the present case as hereafter shown.

In Jones v. Standard Lbr. Co., 121 Okl. 186, 249 P. 343, the summons was dated October 7, 1921, return day was October 17, 1921, but by inadvertence the answer day was entered as October 7 rather than November 7 as required. Summons actually was served upon defendant personally on October 13, 1921. In affirming a judgment denying motion to vacate a default judgment, it was held that the summons was irregular only and could have been corrected by the trial court and the defendants were neither misled nor deceived by the erroneous date which constituted a defect not going to the jurisdiction of the court.

In Texas Title Guaranty Co. v. Mardis, 186 Okl. 433, 98 P.2d 593, a summons in a mortgage foreclosure action issued without the signature of the clerk or imprint of the court seal. Personal service was had upon defendants, who made no effort to defend the action. In upholding validity of a judgment based upon such process this Court indicated adherence to the liberal rule that defects which are amendable do not render process void where sufficient to advise the defendant of the nature of the case, the court wherein filed and his interest in the cause.

Also cited are Canard v. Ryan, 172 Okl. 339, 45 P.2d 122; Tyler Boat Works v. Schreiner, 194 Okl. 601, 153 P.2d 1004; Rowe v. Rowe et al., 175 Okl. 271, 52 P.2d 869. In each of these cases it appears that personal service upon the proper defendant was had, and each instance the defect was such as was found not to have misled or deceived the defendant. Also cited is the more recent decision in Wilson v. Upton, Okl., 373 P.2d 229. This case was based upon substituted service of process regular upon its face, and therein we held that the officer's recital of service was prima facie evidence of the truthfulness thereof, which could not be overcome by uncorroborated testimony of the party served.

We are of the opinion the principles expressed in the decisions relied upon by plaintiffs cannot be considered decisive of the present issue. The summons involved in the present appeal required defendant to answer or plead against plaintiffs' action at a date earlier than the statutes required his appearance. However, in view of other matters of record, we are not required to determine whether this admitted error in the process, standing alone, would constitute a fatal defect or only an amendable irregularity governed by the principles enunciated in the cases cited by plaintiffs.

The attempted service upon which the 1935 foreclosure was based purportedly was accomplished by substituted service, by leaving a copy of the process at defendant's usual place of residence with a member of his family over 15 years of age.

In Chaney v. Reddin et al., 201 Okl. 264, 205 P.2d 310, 8 A.L.R.2d 337, we affirmed an order vacating a judgment based upon substituted service of alias summons, where the attempt was to serve two defendants by leaving a single copy of the summons with a member of the family at the usual place of abode. The rule declared in Syllabus 1 states:

"Statutes prescribing the manner of service of summons are mandatory and must be strictly complied with in order to vest the court with jurisdiction."

This holding is supported by our earlier decisions and is bottomed upon the recognized general rule. See 42 Am.Jur., Process, Sec. 121; 72 C.J.S. Process § 43. Recently in Letteer v. Conservancy District No. 30, etc., Okl., 385 P.2d 796, at page 801 we said:

"As stated in Hicks v. Hamilton, Okl., 283 P.2d 1115, 1119, ' "Where other than personal service has been effected, the conditions on which such service is permissible must be shown to have existed. *Statutes substituting other than a personal service of process must be strictly complied with* to give the court jurisdiction, and this compliance must appear affirmatively in the return, * * *." ' (emphasis ours). See also Walters et al. v. Weaver, 204 Okl. 72, 226 P.2d 931; Davis v. Rowland, 206 Okl. 257, 242 P.2d 716; 72 C.J.S. Process § 55, pp. 1068 et seq."

■ As concerns substituted service plaintiffs point to our decision in Wilson v. Upton, Okl., 373 P.2d 229, wherein we reversed the trial court's order quashing substitute service. The rules therein announced do not conflict with the trial court's judgment here considered. Syllabus 1 declares the return of service to be prima facie evidence of truthfulness, which can be overcome only by strong and convincing proof. The rule in Syllabus 2 precludes denial of the verity of the officer's return of summons regular upon its face only upon uncorroborated testimony of the party attacking such service.

■■ The early case of Pettis v. Johnston, 78 Okl. 277, 190 P. 681, elaborated upon the rule that a personal judgment based upon improper service cannot stand, and extrinsic evidence is admissible to contradict the officer's return of service and the recital of service in the judgment. Upon such authority the rule consistently applied is that the truthfulness of the officer's return can be met only by the oath of two witnesses, or at least one with strong corroborating circumstances.

The evidentiary circumstances in contradiction of the officer's return herein have been noted. The facts of defendant's residence at the time of the attempted service were supported by two affidavits, and upon trial the defendant's testimony was corroborated in detail by a disinterested witness. Plaintiffs introduced no evidence to contradict testimony which established that defendant was not a member of Susan Hilborn's household, or she a member of his household, at the time of the purported substituted service. We are of the opinion defendant's evidence clearly supports the trial court's finding that the purported service was defective for this reason and that such evidence fully satisfied the requirements delineated in Wilson v. Upton, supra.

■ Plaintiffs alleged they were owners of fee simple title to the property involved, and that any interest claimed by defendant had been barred by laches and by reason of plaintiffs having established title by prescription and adverse possession, based upon more than 15 years open, notorious possession of the property. No issue is presented on appeal upon the question of laches or as to applicability of the Statute of Limitations and we do not consider such questions.

■ Plaintiffs do assign as error the trial court's admission of testimony relative to the intention of defendant and his grantors in connection with the mineral deed and the subsequent warranty deed by which the surface was conveyed to defendant. The basis of this contention is

that the trial court erred in finding that the previously acquired mineral interest did not merge into an entire estate upon receipt of the warranty deed by which part of the surface was conveyed to defendant subsequent to the mortgage. This question is not urged at length, and it is sufficient to note that the doctrine of merger does not apply where the parties do not so intend. And, whether merger occurred principally is a question of intention, and parol testimony is permissible to show the parties' intention at the time of the transaction. Yoder v. Robinson et al., 45 Okl. 165, 145 P. 775.

Judgment affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and HODGES, JJ., concur.